## CARTER *v.* TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 193. Submitted March 16, 1900.—Decided April 16, 1900.

Whenever by any action of a State, whether through its legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States. And when a defendant has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the

constitution of the grand jury upon this ground may be taken, either by plea in abatement, or by motion to quash the indictment, before pleading in bar.

The question whether a right or privilege, claimed under the Constitution or laws of the United States, was distinctly and sufficiently pleaded and brought to the notice of a state court, is itself a Federal question, in the decision of which this court, on writ of error, is not concluded by the view taken by the highest court of the State.

A person of the African race was indicted, in an inferior court of a State, for a murder committed since the impanelling of the grand jury; and, before pleading in bar, presented and read to the court a motion to quash, duly and distinctly alleging that all persons of the African race were excluded, because of their race and color, from the grand jury which found the indictment; and, as was stated in his bill of exceptions allowed by the judge, thereupon offered to introduce witnesses to prove that allegation, but the court refused to hear any evidence upon the subject, and, without investigating whether the allegation was true or false, overruled the motion, and the defendant excepted. After conviction and sentence, he appealed to the highest court of the State in which a decision in the case could be had. That court affirmed the judgment, upon the assumption that the defendant had introduced no evidence in support of the motion to quash. *Held,* that this assumption was plainly disproved by the statements in the bill of exceptions; and that the judgment of affirmance denied to the defendant a right duly set up and claimed by him under the Constitution and laws of the United States, and must therefore be reversed by this court on writ of error.

THE case is stated in the opinion of the court.

*Mr. Wilford H. Smith* and *Mr. E. M. Hewlett* for plaintiff in error.

*Mr. T. S. Smith* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

At November term, 1897, of the criminal district court, held at the city of Galveston for the county of Galveston and State of Texas, the grand jury, on November 26, 1897, returned an indictment against Seth Carter for the murder on November 24, 1897, of Bertha Brantley, both being of the negro race.

The record states that at March term, 1898, when the case was called for trial, the defendant, in open court, and before he

had been arraigned, or had pleaded to the indictment, presented and read to the court a motion to quash the indictment.

The motion to quash was signed and sworn to by the defendant, and was in these words: " And now comes the said defendant, in his own proper person, and moves the court to set aside and quash the indictment herein against him, because the jury commissioners, appointed to select the grand jury which found and presented said indictment, selected no person or persons of color or of African descent, known as negroes, to serve on said grand jury; but, on the contrary, did exclude from the list of persons to serve as such grand jurors all colored persons or persons of African descent, known as negroes, because of their race and color; and that said grand jury were composed exclusively of persons of the white race, while all persons of the colored race or persons of African descent, known as negroes, although consisting of and constituting about one fourth of the population and of the registered voters in said city and county of Galveston, and although otherwise qualified to serve as such grand jurors, were excluded therefrom on the ground of their race and color, and have been so excluded from serving on any jury in said criminal district court for a great many years, which is a discrimination against the defendant, since he is a person of color and of African descent, known as a negro; and that such discrimination is a denial to him of the equal protection of the laws, and of his civil rights guaranteed by the Constitution and laws of the United States. All of which the defendant is ready to verify."

The record further shows that the court overruled the motion, and to that ruling the defendant excepted in open court; that the defendant was then arraigned and pleaded not guilty, and was tried and convicted by a jury, and adjudged guilty by the court, of murder in the first degree; and that a bill of exceptions was tendered by him, and was by the presiding judge approved, allowed and ordered to be made part of the record, which stated that, "after reading the said motion, the defendant asked leave of the court to introduce witnesses, and offered to introduce witnesses, to prove and sustain the allegations therein made; but the court refused to hear any evidence in

support of the said motion, and thereupon overruled the same, without investigating into the truth or falsity of the allegations of said motion; to which action of the court the defendant then and there excepted."

The defendant appealed to the Court of Criminal Appeals of the State of Texas, (being the highest court of the State in which a decision in the case could be had,) which affirmed the judgment, and denied a motion for a rehearing. The opinions delivered by that court upon affirming the judgment, and upon denying the motion for a rehearing, are set out in the record, and are reported in 39 Texas Crim. 345. The defendant sued out this writ of error.

The Code of Criminal Procedure of the State of Texas contains the following provisions:

"ART. 397. Any person, before the grand jury have been impanelled, may challenge the array of jurors, or any person presented as a grand juror; and in no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall, upon his request, be brought into court to make such challenge."

"ART. 559. A motion to set aside an indictment" "shall be based on one or more of the following causes, and no other: 1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors." "2. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same."

"ART. 561. The only special pleas which can be heard for the defendant are: 1. That he has been before convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offence. 2. That he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular."

The Court of Criminal Appeals, in its first opinion affirming the judgment of the trial court, disposed of the objection to the grand jury by holding that, by the very terms of article 559, "the fact that people of African descent were not drawn by the

commissioners to serve as jurors upon the grand jury is not a ground for setting aside an indictment;" and that the appellant had not undertaken to bring himself within the purview of article 397, as to which the court said: "If there were any objections to the grand jury, or any member of it, they should have been exercised by challenge, either to the array or to a particular member of said body. The question of challenge to the array or to a particular juror is not suggested, nor is it shown that he was debarred this right. It is too late, after indictment found, to question the manner of impanelling a grand jury." 39 Texas Crim. 348, 349.

In the opinion delivered on denying the motion for a rehearing, the court substantially abandoned as untenable the positions taken in its first opinion; and admitted that " in this particular case no opportunity was afforded appellant to challenge the array, because the grand jury which returned the bill against him had been impanelled prior to the commission of this offence," and consequently that a motion to quash the indictment, made after his arrest under it, and before his arraignment, was a proper and timely mode of presenting a fundamental objection under the Constitution and laws of the United States, although no such objection was mentioned in the statutes of the State. And the reasons assigned for denying the rehearing were that " the motion to quash was based simply on the affidavit of appellant," and " the question was presented to the court without any evidence whatever in support of it;" that "in this case the motion to quash was not predicated on the record, but involved extraneous matters, and before the court would be authorized to act, there must be some proof of the allegations contained in the motion;" that " the motion was but a mere tender of the issue, unaccompanied by any supporting testimony;" that "it names no witness or person by whom it was proposed to prove the allegations of the motion;" and that " the bare recitation " (in the bill of exceptions) " that the court refused to hear evidence in support of said motion is without meaning, because in fact no testimony was tendered by appellant." 39 Tex. Crim. 354–357.

The rules of law which must govern this case are clearly established by previous decisions of this court.

Whenever by any action of a State, whether through its legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States. *Strauder* v. *West Virginia,* 100 U. S. 303; *Neal* v. *Delaware,* 103 U. S. 370, 397; *Gibson* v. *Mississippi,* 162 U. S. 565.

When the defendant has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the constitution of the grand jury upon this ground may be taken, either by plea in abatement, or by motion to quash the indictment, before pleading in bar. *United States* v. *Gale,* 109 U. S. 65, 67.

The motion to quash on such a ground being based on allegations of facts not appearing in the record, those allegations, if controverted by the attorney for the State, must be supported by evidence on the part of the defendant. *Smith* v. *Mississippi,* 162 U. S. 592, 601; *Williams* v. *Mississippi,* 170 U. S. 213.

But the question whether a right or privilege, claimed under the Constitution or laws of the United States, was distinctly and sufficiently pleaded and brought to the notice of a state court, is itself a Federal question, in the decision of which this court, on writ of error, is not concluded by the view taken by the highest court of the State. *Neal* v. *Delaware,* 103 U. S. 370, 396, 397; *Mitchell* v. *Clark,* 110 U. S. 633, 645; *Boyd* v. *Thayer,* 143 U. S. 135, 180.

In the case at bar, as may be inferred from the dates appearing in the record, and as is distinctly stated in the opinion delivered by the court below on denying a rehearing, the grand jury had been impanelled before the commission of the offence for which the defendant was indicted. He therefore never had any opportunity to challenge the array of the grand jury, and was entitled to present the objection on which he relied by motion to quash.

The defendant's motion to quash the indictment was presented to the court before he had been arraigned, or had pleaded to

the indictment.   The motion, besides stating that the defendant was of the African race, fully and specifically alleged, with almost the precision of a plea in abatement, that the jury commissioners appointed to select the grand jury selected no persons of African descent to serve on the grand jury, but on the contrary excluded from the list all such persons because of their race and color; that the grand jury was composed exclusively of persons of the white race, while all persons of the African race, although constituting about one fourth of the registered voters in the county, and although otherwise well qualified to serve as such grand jurors, were excluded therefrom on the ground of their race and color, and had been so excluded from serving on any jury in that court for a great many years; and that this was a discrimination against the defendant, and a denial to him of the equal protection of the laws, and of his civil rights guaranteed to him by the Constitution and laws of the United States.   And the motion concluded with the statement, " All of which the defendant is ready to verify."

The bill of exceptions tendered by the defendant, and allowed by the presiding judge, and made part of the record by his order, explicitly states that " after reading the said motion, the defendant asked leave of the court to introduce witnesses, and offered to introduce witnesses, to prove and sustain the allegations therein made; but the court refused to hear any evidence in support of the said motion, and thereupon overruled the same, without investigating into the truth or falsity of the allegations of said motion; to which action of the court the defendant then and there excepted."

It thus clearly appears by the record that the defendant, having duly and distinctly alleged, in his motion to quash, that all persons of the African race were excluded, because of their race and color, from the grand jury which found the indictment, asked leave of the court to introduce witnesses, and offered to introduce witnesses, to prove and sustain that allegation; and that the court refused to hear any evidence upon the subject, and overruled the motion, without investigating whether the allegation was true or false.

The defendant having offered to introduce witnesses to prove

the allegations in the motion to quash, and the court having declined to hear any evidence upon the subject, it is quite clear that the omission of the bill of exceptions to give the names of the witnesses whom the defendant proposed or intended to call, or to state their testimony in detail, cannot deprive the defendant of the benefit of his exception to the refusal of the court to hear any evidence whatever. And the assumption, in the final opinion of the state court, that no evidence was tendered by the defendant in support of the allegations in the motion to quash, is plainly disproved by the statements, in the bill of exceptions, of what took place in the trial court.

The necessary conclusion is that the defendant has been denied a right duly set up and claimed by him under the Constitution and laws of the United States ; and therefore

*The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.*