## RALPH WHITNEY v. THE STATE.

### No. 2229.  Decided November 21, 1900.

**1.  Race Prejudice—Grand Jury—Motion to Quash Indictment—Equal Protection of the Law.**

Where defendant, a negro, moved to quash the indictment upon the ground of race prejudice, in that the jury commissioners, in selecting the grand jury, selected white men, and excluded negroes; Held, the question is not one of prejudice or ill feeling against defendant, but the rule established by the United States Supreme Court is, that, if there are qualified negroes in the county, and in the formation of juries, grand or petit, where a negro is on trial, negroes are intentionally excluded from such juries, then he is denied the equal protection of the laws and the case should be reversed.

**2.  Same—Special Venire—Federal Question—Practice.**

On the trial of a negro, where he made a motion to quash the special venire, upon the ground that negroes had been intentionally excluded from the list of said special venire, and he had summoned witnesses to prove the facts stated; Held, that the court erred in not delaying the trial at the request of defendant a reasonable length of time to enable him to secure the attendance of his witnesses. Wherever such Federal question is made, it is the duty of the court to probe the matter as to whether the Fourteenth Amendment of the United States Constitution has been violated in the formation of the jury.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. A. C. ALLEN.

Appeal from a conviction of rape; penalty, twenty years imprisonment in the penitentiary.

Appellant was charged by the indictment with the rape of Mildred Jamison, a female under fifteen years of age, on the 21st of April, 1900.

Defendant filed motions to quash the indictment and the special venire upon the ground that he, being a negro, was denied the equal protection of the law under the Fourteenth Amendment of the United States Constitution, in that negroes were intentionally excluded from said grand jury and special venire. The overruling of these motions are the only questions discussed on this appeal.

*Marks & Velzer,* for appellant, cited 14 Amend. U. S. Const.; Smith v. State, Opin. June 29, 1900, Court Crim. App.; Virginia v. Rives, 100 U. S., 313; Strauder v. United States, 100 U. S., 303; Neal v. Delaware, 103 U. S., 303; Carter v. Texas, Opin. April 16, 1900, U. S.; Gibson v. Mississippi, 162 U. S., 585; United States v. Gale, 109 U. S., 65; Smith v. Mississippi, 162 U. S., 595; Williams v. Mississippi, 170 U. S., 213; Ex Parte Virginia, 100 U. S., 345; Rev. Stats., U. S., sec. 841; Acts of Cong., sec. 4, March 1, 1875; Thomp. & M., Juries, sec. 30.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at twenty years confinement in the penitentiary.

The only question we are called upon to consider is a Federal question. Appellant made a motion to abate the indictment or quash it on account of the fact that, in the formation of the grand jury which found the bill of indictment, negroes were excluded from the jury; appellant himself being a negro. We copy from said motion as follows: "That the jury commissioners appointed to select the grand jury that found and presented the indictment above referred to selected no person or persons of color, or of African descent, known as 'negroes,' because of their race and color, and that said grand jury was composed exclusively of persons of the white race, while all persons of the colored race, or persons of African descent, known as 'negroes,' although constituting about one-third of the population and of the registered voters in said city of Houston and county of Harris, and although otherwise qualified to serve as such grand jurors, were excluded therefrom on account of their race and color, and have been so excluded from serving on any jury in said Criminal District Court for a great many years, which is a discrimination against this defendant, since he is a person of color, and of African descent, known as a 'negro,' and that such discrimination is a denial to him of the equal protection of the laws and of his civil rights guaranteed by the Constitution and the laws of the United States. All of which the defendant is ready to verify. Affiant further states that said grand jury was constituted, impaneled, and sworn by said honorable court on the 2d day of April, 1900; that said indictment was found by said grand jury on the 21st of April, 1900, and filed in said court on the 24th of April, 1900, and that the defendant was never granted an opportunity to challenge the array of said jury, or any of the members thereof, and that he was thereby deprived of rights material to his defense herein; that affiant makes this affidavit for and in behalf of defendant, for that defendant is of tender years, and, as affiant, avers and believes the fact to be, said defendant does not know the nature of an oath, and is incompetent to make affidavit." This motion was controverted. The court heard evidence on the motion, which was substantially as follows: B. R. Latham testified that he was one of the commissioners that selected the grand jury that found the bill of indictment against appellant. Said grand jurors so selected were all white men. The population of Harris County is over 50,000, two-thirds or three-fourths of which are white persons, and the rest blacks or negroes. In selecting the names for the grand jury, witness stated that they put no negroes on the jury; that there were many negroes in the county capable of performing jury service, but that he would not put them on; that he never knew of negroes being impaneled on the grand jury in Harris County, and was not accustomed to putting them on; that they did as other commissioners had done before; that, if the names of competent negroes had been given to the commissioners, he would not have been in favor of putting them on the grand jury unless the court had so instructed; that he had no prejudice or ill feeling against negroes, nor

did he have any prejudice or ill feeling against defendant, but that he did not consider negroes competent and qualified for jury service. Fawcett testified that he had observed the practice in Harris County of organizing juries for years, and that he knew of no negroes being put on any of the juries; that there were hundreds of educated negroes and property owners in Harris County, if not thousands; that the sentiment of the people is against putting negroes on juries; that there were 25,000 negroes in Harris County, and many negro schools and benevolent associations of all kinds; and that he knew many negroes that would make good jurors. This is substantially all the testimony in regard to this matter. The judge, in explaining the bill of exceptions, states that the evidence failed to show that negroes were excluded from juries because of prejudice or ill feeling against them, or because of prejudice or ill feeling against defendant. We do not understand that this would afford sufficient ground for refusing to sustain the motion. It is not a question of prejudice or ill feeling, but the fourteenth amendment, as construed by the Supreme Court of the United States, holds that if there are qualified negro jurors in the county, and in the formation of juries, grand or petit, where a negro is on trial, negroes are intentionally excluded from such juries, then he is denied the equal protection of the laws, and the case should be reversed. Virginia v. Rives, 100 U. S., 313; Neal v. Delaware, 103 U. S., 370; Gibson v. Mississippi, 162 U. S., 565; Smith v. Mississippi, 162, U. S., 592; Williams v. Mississippi, 170 U. S., 213; Carter v. Texas, 177 U. S., 442. In our view of the testimony on this question, there was sufficient evidence to show that, in the formation of the grand jury, negroes were intentionally excluded from the grand jury which found the bill of indictment. The witnesses show a large population of negroes, and among them material competent to constitute grand juries. They state that no negroes, within their knowledge, had ever been impaneled on any grand jury in Harris County. And the commissioner who assisted in drawing the grand jury stated that, if negroes had been given him on the list from which to form a grand jury, he would not have put them on, unless he had been so instructed by the court; that he did not regard them as fit material for juries. We hold that the court erred in overruling said motion.

Appellant also made a motion to quash the special venire from which the jury was formed that tried appellant, on the ground that there were no negroes on said list, and that they were intentionally excluded from said list. He summoned witnesses to prove the allegations of his motion, and the court refused to delay the case in order to secure the attendance of said witnesses. It occurs to us that the request to delay the case for the witnesses who had been summoned, but who failed to attend, was reasonable; and the court should have delayed the trial a reasonable length of time to afford appellant an opportunity to have secured the attendance of said witnesses, if necessary, by writs of attachment. We understand the court to have held in Carter v.

State, supra, that, wherever the Federal question is made, it is the duty of the court to probe the matter, in order to determine whether or not the fourteenth amendment had been violated in the formation of the jury.

We would remark here that a number of cases involving this question are coming before this court, and we respectfully call the attention of the district judges to this matter, and refer them to the decisions of the Supreme Court of the United States construing the Fourteenth Amendment of the Constitution of the United States. Wherever the Federal question is involved, the Constitution of the United States, as construed by the highest tribunal in the land, is the supreme law, and should be respected and obeyed; and, where the question is made, the fullest latitude should be given in the investigation, and if the evidence shows, on the trial of a negro, that in the formation of either the grand jury or petit jury he was denied the equal protection of the laws, in that negroes were intentionally excluded from such juries, then the indictment should be quashed, or, as the case may be, the special venire set aside; and it will serve no useful purpose to delay the case and send it to this court for review. For the error of the court in refusing to quash the indictment, or to permit a reasonable time for appellant to secure his witnesses to prove the allegation of the motion to quash the special venire, the judgment is reversed and the cause remanded.

*Reversed and remanded.*