18553. Reece *v.* The State.

Candler, Justice. Amos Reece was indicted for rape in Cobb County, and was convicted without any recommendation and sentenced to be electrocuted. Thereafter he filed a motion for new trial on the usual general grounds, and later amended it by adding two special grounds. He excepted in due time to the denial of his amended motion for new trial, and assigns error on pendente lite exceptions to two antecedent rulings, one refusing to continue the case, and the other denying his motion to quash the indictment. *Held:*

1. When, as here, the accused has been arrested for the commission of a penal offense and is committed to jail, he is apprised of the fact that his case or the charge against him will undergo grand-jury investigation, and it is incumbent upon him to raise objections to the competency of the grand jurors before they find an indictment against him. Such being the instant case, the court did not err in denying the motion to quash the indictment. See *Turner* v. *State,* 78 *Ga.* 174; *Lascelles* v. *State,* 90 *Ga.* 347, 372 (16 S. E. 945, 35 Am. St. R. 216); *Parris* v. *State,* 125 *Ga.* 777 (54 S. E. 751); *Tucker* v. *State,* 135 *Ga.* 79 (68 S. E. 786); *Burns* v. *State,* 191 *Ga.* 60, 64 (11 S. E. 2d 350); *Harris* v. *State,* 191 *Ga.* 243 (5), 249 (12 S. E. 2d 64). And this rule applies whether the accused had counsel before the indictment was returned against him or not. *Tucker* v. *State,* supra.

2. In the instant case the judge charged the jury: "Generally, with regard to the question of sanity or insanity at the time of the alleged act and the act alleged to be a crime, the true test of sanity or insanity is as follows: The insanity which renders the perpetrator of a particular act which is criminal incapable of committing a crime is such as deprives him of his capacity to distingush between right and wrong relative to such act. Mere feebleness or weakness of mind is not sufficient to excuse a person from crime, provided the mind is still sufficient to distinguish between right and wrong with relation to the act charged." Subsequently, the judge gave this further instruction: "The law does not attempt to measure the degree of insanity which renders a man legally responsible for his acts. That is a question for the jury." To this latter instruction the defendant excepts on the ground that it is an abstractly incorrect statement of the law, in that the law does fix a degree of insanity with which a person may be afflicted and yet

be legally responsible for his acts, and that the instruction complained of was inconsistent with and antagonistic to the charge set out above and tended to and did confuse and mislead the jury as to a material issue involved in the movant's case. It is also alleged that the charge complained of left with the jury two distinct propositions of law directly antagonistic to and in conflict with each other, and that the excerpt complained of was not withdrawn by the judge anywhere in his charge. Since the trial judge had previously given a correct charge on the issue of insanity, we agree and hold that his further instruction on the question of criminal responsibility was misleading and confusing and therefore injurious to the accused. See, in this connection, *Caison* v. *State*, 171 *Ga.* 1 (154 S. E. 337); *Geer* v. *State*, 184 *Ga.* 805 (193 S. E. 776); and *Bryant* v. *State*, 191 *Ga.* 686 (13 S. E. 2d 820). In those three cases the trial judge had charged that the law does not attempt to measure the degree of insanity which renders a person irresponsible for his acts, and the cases were reversed by this court for the reason that the law does fix the degree of insanity which renders one irresponsible for his acts.

(*a*) Where the judge gives a correct instruction upon an issue involved in a criminal case,—as he did in this case by the instruction first quoted— and afterwards gives a further instruction upon the same issue, which is misleading and confusing to the jury, and fails to withdraw such further charge and call the jury's attention to its withdrawal, error results. That part of the charge here complained of was calculated to leave the jury in such a confused condition of mind that they could not render an intelligent verdict. See *Morris* v. *Warlick*, 118 *Ga.* 421 (2) (45 S. E. 407); *Gill* v. *Willingham*, 156 *Ga.* 728 (4) (120 S. E. 108).

3. Since the case will be remanded for another trial, it is unnecessary for us to consider the assignment of error complaining of the court's refusal to continue the case on the defendant's motion.

4. The other special ground of the motion for new trial complains of the admission of certain testimony over the defendant's objection. However, this ground has neither been argued in the brief filed for the plaintiff in error, nor otherwise insisted upon in this court, and will therefore be treated as abandoned. *Rabun* v. *Wynn*, 209 *Ga.* 80 (1) (70 S. E. 2d 745).

5. The evidence was amply sufficient to authorize the verdict, and the general grounds of the motion for new trial are accordingly without merit. However, for the reason stated in headnote 2 above, the trial judge erred in denying the motion for new trial as amended.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

SUBMITTED APRIL 13, 1954—DECIDED MAY 11, 1954.

*Daniel Duke, Gordon M. Combs, Frank Holcomb,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.