## 18780. REECE v. THE STATE.

DUCKWORTH, Chief Justice. 1. In the first appearance of this case (*Reece* v. *State,* 210 *Ga.* 578, 82 S. E. 2d 10), this court ruled that the accused failed to raise objections to the competency of the grand jurors before the indictment was found against him and, therefore, the lower court did not err in denying his motion to quash the indictment for this reason; hence the attempt to again challenge the array of grand jurors and to quash the indictment upon the same ground must fail, as this question has already been adjudicated adversely to the defendant, and the court did not err in sustaining the demurrer thereto.

2. The other allegations of the plea or motion to quash the indictment which, in substance, allege that there are only 6 persons of the negro race whose names appear in both grand-jury and traverse-jury boxes of Cobb County, that three of these are 80 years of age or older, that none of the members of the board of jury commissioners has ever been a member of the negro race or that no member of the negro race has ever been drawn to serve on the grand jury in the past 30 years, fails to show a "systematic and purposeful exclusion of negroes" from the board of jury commissioners, or from jury service in said county, and these allegations fail to show any violation of the rights of the movant under either the State or Federal Constitutions. Hence the court did not err in sustaining the demurrer to the plea or motion and in denying the same. See Code (Ann.) § 2-5102; Code, Ch. 59-1 and particularly Code § 59-803 thereof; *Wheeler* v. *State,* 42 *Ga.* 306, 307; *Thomas* v. *State,* 67 *Ga.* 460 (1); *Wilson* v. *State,* 69 *Ga.* 224; *McLain* v. *State,* 71 *Ga.* 279; *Davis* v. *Arthur,* 139 *Ga.* 74 (76 S. E. 676); *Carter* v. *State,* 143 *Ga.* 632 (2) (85 S. E. 884); *Harris* v. *State,* 191 *Ga.* 243 (8) (12 S. E. 2d 64); *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1); Rawlins *v.* State of Georgia, 201 U. S. 638 (26 Sup. Ct. 560, 50 L. ed. 899), affirming *Rawlins* v. *State,* 124 *Ga.* 31, supra; *Watkins* v. *State,* 199 *Ga.* 81 (6) (33 S. E. 2d 325); *Crumb* v. *State,* 205 *Ga.* 547 (54 S. E. 2d 639).

3. Whether or not the reading of an excerpt from a former decision of this court in *Dorsey* v. *State,* 108 *Ga.* 477 (2) (34 S. E. 135), to the court

in the opening argument as to the difference in race and social standing of the accused and the prosecutrix as facts to be considered in determining if a crime was committed, was error and harmful to the accused, the court promptly instructed the jury to disregard the decision and to "disabuse your minds of the question of race, or position and social standing" of the citizens involved. This instruction was sufficient to remove any improper impression from the minds of the members of the jury. See Code § 81-1009; *Joyner* v. *State*, 208 *Ga.* 435 (67 S. E. 2d 221); *Nelson* v. *State*, 187 *Ga.* 576 (6) (1 S. E. 2d 641); *Holley* v. *State*, 191 *Ga.* 804, 807 (8) (14 S. E. 2d 103); *Smith* v. *State*, 204 *Ga.* 184, 188 (2) (48 S. E. 2d 860); *Bond* v. *State*, 68 *Ga. App.* 15 (2) (21 S. E. 2d 866).

4. The evidence was sufficient to support the verdict, and the general grounds of the motion are without merit. The court did not err in denying the motion for new trial, as amended.

*Judgment affirmed. All the Justices concur.*

Submitted November 8, 1954—Decided January 10, 1955—
Rehearing denied February 17, 1955.

*Daniel Duke,* for plaintiff in error.

*Luther C. Haymes, Jr., Solicitor-General, Eugene Cook, Attorney-General, Joan Larsen, Rubye G. Jackson,* contra.