## REECE v. GEORGIA.

No. 112.   Argued November 9, 1955.—Decided December 5, 1955.

*Daniel Duke* argued the cause and filed a brief for petitioner.

*Eugene Cook,* Attorney General of Georgia, and *Robert H. Hall* and *E. Freeman Leverett,* Assistant Attorneys General, submitted on brief for respondent.

Mr. Justice Clark delivered the opinion of the Court.

Petitioner, Amos Reece, a Negro, was convicted of the rape of a white woman in Cobb County, Georgia. He contends here that Georgia's rule of practice requiring him to challenge the composition of the grand jury before indictment violates the Due Process Clause of the Fourteenth Amendment. The Georgia Supreme Court affirmed his conviction, 211 Ga. 339, 85 S. E. 2d 773, and we granted certiorari because of the important issues involved, 349 U. S. 944.

Reece was arrested on October 20, 1953, and was held in the county jail until his indictment three days later. On October 24, the day after his indictment, two local attorneys were appointed by the trial court to defend him. On October 30, before his arraignment, Reece moved to quash the indictment on the ground that Negroes had been systematically excluded from service on the grand jury. This motion was overruled after a hearing. On the same day, petitioner was tried, convicted and sentenced to be electrocuted. The Supreme Court of Georgia held that the motion to quash was properly denied because, by Georgia practice, objections to a grand jury must be made before the indictment is returned, 210 Ga. 578, 82 S. E. 2d 10, but reversed the case on another ground, not pertinent here, and remanded it for a new trial.

Before his second trial Reece filed a special plea in abatement which alleged systematic exclusion of Negroes from the jury commission, the grand jury which indicted him and the petit jury about to be put upon him. This plea also stated that petitioner had neither knowledge of the grand jury nor the benefit of counsel before his indictment. The State's demurrer to this plea was sustained, and petitioner was again tried, convicted and sentenced to be electrocuted. It is this judgment which is here for review.

At the outset the State contends that the case is not properly before us because petitioner did not apply for a writ of certiorari within 90 days after the first judgment of the Supreme Court of Georgia. This contention is clearly without substance. A timely application for certiorari to review the second judgment was made, and the case is properly here. 28 U. S. C. § 1257. We have jurisdiction to consider all of the substantial federal questions determined in the earlier stages of the litigation, *Urie* v. *Thompson*, 337 U. S. 163, 172–173, and our right to re-examine such questions is not affected by a ruling that the first decision of the state court became the law of the case, *Davis* v. *O'Hara*, 266 U. S. 314.

This Court over the past 50 years has adhered to the view that valid grand-jury selection is a constitutionally protected right. The indictment of a defendant by a grand jury from which members of his race have been systematically excluded is a denial of his right to equal protection of the laws. *Patton* v. *Mississippi*, 332 U. S. 463; *Norris* v. *Alabama*, 294 U. S. 587; *Rogers* v. *Alabama*, 192 U. S. 226; *Carter* v. *Texas*, 177 U. S. 442. Where no opportunity to challenge the grand-jury selection has been afforded a defendant, his right may be asserted by a plea in abatement or a motion to quash before arraignment, *United States* v. *Gale*, 109 U. S. 65, 72. Of course, if such a motion is controverted it must be supported by evidence, *Patton* v. *Mississippi, supra; Martin* v. *Texas*, 200 U. S. 316.

We mention these principles since the State contests the merits of Reece's claim of systematic exclusion. In the hearing on his motion to quash before the first trial, he presented uncontradicted evidence to support the following facts: no Negro had served on the grand jury in Cobb County for the previous 18 years; the 1950 census showed that the county had a white population of 55,606 and a Negro population of 6,224; the same census showed

a population of 16,201 male white citizens over 21 years of age, and 1,710 male Negro citizens over 21 years of age. Petitioner's motion alleged, and this was not contradicted, that there were 534 names on the grand-jury list and of this number only six were Negroes. Of the six Negroes, one did not reside in the county and the other five testified in this proceeding. Two were over 80 years of age: one was partially deaf and the other in poor health. The remaining three were 62 years of age. Each of the witnesses had lived in the county for at least 30 years. None had ever served on a grand jury nor heard of any other Negro serving on a grand jury in the county. The Clerk and Deputy Clerk of the court testified that the jury boxes had been revised in 1952, that there was no discrimination or systematic exclusion of Negroes from the grand-jury list, that six Negroes were on the list, and that neither had ever known a Negro to serve on a grand jury in Cobb County.

This evidence, without more, is sufficient to make a strong showing of systematic exclusion. The sizable Negro population in the county, the fact that all-white juries had been serving for as long as witnesses could remember, and the selection on the jury list of a relatively few Negroes who would probably be disqualified for actual jury service all point to a discrimination "ingenious or ingenuous," *Smith* v. *Texas,* 311 U. S. 128, 132. This evidence placed the burden on the State to refute it, *Patton* v. *Mississippi, supra,* and mere assertions of public officials that there has not been discrimination will not suffice. See *Hernandez* v. *Texas,* 347 U. S. 475. However, we do not decide this issue. It is sufficient to say that petitioner's motion stated and his evidence supported a prima facie constitutional claim.

Georgia's rule of practice provides that when an "accused has been arrested for the commission of a penal offense and is committed to jail, he is apprised of the fact

that his case or the charge against him will undergo grand-jury investigation, and it is incumbent upon him to raise objections to the competency of the grand jurors before they find an indictment against him." *Reece* v. *State,* 210 Ga. 578, 82 S. E. 2d 10. This rule goes back to 1882, *Williams* v. *State,* 69 Ga. 11, and has been consistently followed in that State. A similar requirement was considered by this Court in *Carter* v. *Texas,* 177 U. S. 442. In that case the Texas Code of Criminal Procedure provided that a challenge to the array must be made before the grand jury was impaneled and that anyone confined in the jail at the time would, at his request, be brought into court to make such challenge. The defendant in *Carter* moved to quash the indictment after the grand jury had been impaneled but before his arraignment. Since the grand jury had been impaneled before the commission of the offense for which the defendant was indicted, this Court held that he "never had any opportunity to challenge the array of the grand jury, and was entitled to present the objection on which he relied by motion to quash." 177 U. S., at 447. In the present case, as in *Carter,* the right to object to a grand jury presupposes an opportunity to exercise that right. *Gale* v. *United States,* 109 U. S. 65, 72. *Michel* v. *Louisiana, post,* p. 91.

We may now turn to the present case to see if Reece was afforded such opportunity. He was indicted by a grand jury that was impaneled and sworn eight days before his arrest. It adjourned the day before his arrest and was reconvened two days later by an order which did not list him as one against whom a case would be presented. Reece is a semi-illiterate Negro of low mentality. We need not decide whether, with the assistance of counsel, he would have had an opportunity to raise his objection during the two days he was in jail before indictment. But it is utterly unrealistic to say that he had such opportunity when counsel was not provided for him

until the day after he was indicted. In *Powell* v. *Alabama,* 287 U. S. 45, this Court held that the assignment of counsel in a state prosecution at such time and under such circumstances as to preclude the giving of effective aid in the preparation and trial of a capital case is a denial of due process of law. The effective assistance of counsel in such a case is a constitutional requirement of due process which no member of the Union may disregard. Georgia should have considered Reece's motion to quash on its merits.

In view of this disposition, it is not necessary that we consider other issues first raised by Reece in his plea in abatement at the second trial.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*