UNITED STATES of America
v.
John SIMMONS,
Crim. No. E–4059.

United States District Court
W. D. Pennsylvania.
Jan. 13, 1956.

WALLACE S. GOURLEY, Chief Judge.

In this federal criminal proceeding the motion to dismiss the indictment is the culmination of a long series of motions directed to this court to release petitioner from sentence of twenty-five years confinement imposed on September 26, 1941 by the late Judge F. P. Schoonmaker, 28 U.S.C.A. § 2255.

Petitioner's prayer is grounded upon the thesis that defense counsel was not made available to him until one day after his indictment which, for all practical purposes, denied him opportunity to object to the make-up or complement of the grand jury, which returned the indictment. He relies upon a recent United States Supreme Court decision which affirms the proposition that the right to object to a grand jury presupposes an opportunity to exercise that right. Reece v. State of Georgia, 350 U.S. 85, 76 S. Ct. 167.

The Supreme Court case related to a circumstance where such opportunity to challenge the grand jury did not exist since a statute of the State of Georgia required that objection to the composition of a grand jury be made before an indictment is returned. It appeared that the grand jury had been impaneled before the prisoner's arrest and, by reason of the statute, the prisoner was rendered unable to object to the grand jury composition until after the indictment was returned.

In the instant proceeding, however, the circumstances differed radically since petitioner had opportunity to move for quashing of the indictment from the period of indictment until the time of trial

or entry of a plea, and the opportunity to exercise such right was never denied.

Petitioner having failed to attack the indictment before his entry of plea of guilty, he is now barred from maintaining this belated motion. United States v. Williams, 5 Cir., 203 F.2d 572; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844.

Moreover, petitioner fails to allege any irregularity in drawing or empaneling of the grand jury which tended to his injury or prejudice. Romney v. United States, 83 U.S.App.D.C. 150, 167 F.2d 521.

Motion to dismiss the indictment will be refused.

An appropriate order is entered.