John J. Walsh, J.
The defendant was convicted after a trial by jury of the crime of manslaughter in the first degree in 1953 and is presently serving a sentence of 20 to 40 years. An appeal from said conviction was dismissed in 1955 by the Appellate Division, Fourth Department (286 App. Div. 984). He now moves for a writ of error coram nobis to vacate a judgment of conviction and for a new trial upon two grounds:
1. No Negro served on the Oneida County jury on the day of the trial.
2. The presence of an “ unauthorized person ’ ’ on the jury. Obviously, defendant cannot raise either as a question of constitutional law or of democratic philosophy a claim that because no member of his race, creed or color either served on the jury which returned the verdict of guilt against him or was summoned to serve on such a jury panel, his conviction was improper and should be vacated.
*137 What does offend both the Constitution and our philosophy is that any qualified citizen be systematically excluded from jury service solely because of his race, color or creed. Perhaps this claim is the one intended by the defendant’s inartisically drawn application.
It is fundamental that it is a denial of the equal protection of the laws guaranteed in our Constitution to try a Negro defendant under an indictment presented by a Grand Jury, or before a petit jury, from which all persons of his race or color have, solely because of that race or color, been systematically excluded by the State.
(Avery v. Georgia, 345 U. S. 559 [1953] [proper and timely challenge made to the jury array]; Williams v. Georgia, 349 U. S. 375 [1955] [case remanded to State court where challenge not timely made but State judicial precedent allowed discretionary appellate review of such question].)
Since such a claim would raise a constitutional question reviewable by coram nobis regardless of whether or not the alleged error was a matter of record reviewable on appeal, this court has given careful and weighty consideration to the question whether defendant is entitled to a hearing on an issue of fact. After due deliberation, this court concludes that no triable issue of fact arises from the allegations of the petition.
1. Nowhere in said petition does defendant make a specific claim to a “ systematic” exclusion of members of the Negro race from jury service in Oneida County. In his own words, he presents the following question: “ Whether the practice of the Oneida County Jury Commission in selecting negroes for jury roll results in the arbitrary and systematic exclusion of negroes on racial grounds from the County Court trial of Mr. Joseph Wilson, Sr., the defendant in this case, from service on the jury of which he was not represented by a member of his. race to his prejudice, contrary to the equal protection in law of the Fourteenth Amendment.”
The court takes judicial notice of the fact that jurors summoned to serve in the Oneida County Court are called from all walks of life, without distinction as to race, creed or national origin. It also takes judicial notice that the jury slips do not indicate race, creed or color either by notation thereon or by color of paper, and that members of the Negro race have served on County Court juries.
2. The defendant, although writing at some length in his petition on this point, has not set forth any facts to support this claim.
*138 In a coram- nobis application, the People are not called upon to sustain a judgment of conviction in the absence of the presentation of a prima facie case by the petitioner.
Defendant mistakenly believes that a mere claim that no Negro served on the jury which convicted him shifts the burden to the People on this application. He cites the case of Reece v. Georgia (350 U. S. 85) to the effect that “ petitioner’s motion stated and his evidence supported a prima facie constitutional claim ” (p. 88).
Reece v. Georgia, however, differs from the instant case in at least two respects. First, Beece filed a special plea in abatement which alleged systematic exclusion of Negroes from the jury commission, the Grand Jury which indicated him and the petit jury about to be put upon him. As hereinafter noted, no such challenge was made in this instant case. Second, Beece at the time of his plea in abatement presented uncontradicted evidence to support his claim of a systematic exclusion. He showed that no Negro had served on the Grand Jury in the Georgia county for the previous 18 years. He further demonstrated the relative percentage of Negro citizens to white citizens, the relatively small percentage of Negro grand jurors to white grand jurors and the physical condition of the six Negro grand jurors, none of whom, although residents of the Georgia County for at least 30 years, had ever been called for Grand Jury service.
Obviously, the petition herein does not raise a prima facie constitutional claim.
3. The defendant does not allege that either he or his counsel at any time during the trial, or at any time up to the present application, ever made any challenge to the jury panel as provided for in the Code of Criminal Procedure, or any other objection to the jurors chosen.
In Brown v. Allen (344 U. S. 443, 480), the Supreme Court of the United States held that such objection must be raised on the trial.
“Evidence in state criminal proceedings to support objections on federal constitutional grounds, known to state defendants and their counsel, or easily ascertainable, cannot be withheld or neglected at the state trial and used later to support habeas corpus. State criminal proceedings would be unreasonably hampered.”
Such rule should apply with equal force to a coram nobis application in a State court. (See People v. Vann, N. Y. L. J., March 7, 1955, p. 9, col. 1 [General Sessions, Goldstein, J.].)
The clerk’s minutes show that the defendant was duly issued the proclamation as to a challenge to the panel and no objection *139 was then raised. The trial stenographic minutes are available and reveal no objection raised at any time as to the panel. Accordingly, no constitutional question is now available for review by coram nobis.
4. The claim of the presence of an unauthorized person on the trial jury is completely unfounded in fact and casts doubt upon the good faith of the petition itself.
Defendant claims that the twelfth juror was a Miss Goodnall who was a prior schoolteacher of defendant’s in the seventh grade and was his probation officer when he was 11 years old. Obviously, defendant is referring to Mrs. Katherine Goodenow, a former schoolteacher in Wetmore School who for many years subsequently was the highly respected and competent Probation Officer of the Oneida County Children’s Court.
The clerk’s minutes of the defendant’s trial disclose conclusively that neither Mrs. Goodenow nor a Miss Goodnall nor any juror with a similar name served either on the jury panel nor the trial jury in this case.
This claim is completely false.
5. The final claim that counsel assigned by the court was incompetent by willfully refusing to exercise a peremptory challenge to exclude ‘ ‘ Miss Goodnall ’ ’ from the jury requires no comment.
The defendant’s present contention being entirely without merit and his petition failing to raise any triable issue of fact requiring a hearing, his motion is in all respects denied.