David Leroy WASHINGTON, Petitioner,

v.

Louis L. WAINWRIGHT, Secretary, Department of Corrections, Respondent.

No. 84–1662–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

July 12, 1984.

Richard H. Burr III, Public Defender for the 15th Judicial Circuit, West Palm Beach, Fla., for petitioner.

C.M. Snurkowski, Asst. Atty. Gen., Bureau Chief, Miami, Fla., for respondent.

### MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by David Leroy Washington. Having heard oral argument, reviewed the files and been otherwise advised of the premises, it is hereby

ORDERED that the petition for writ of habeas corpus is DENIED.

The petitioner has raised two issues in his petition. First, he claims that the death penalty in Florida has been imposed in an arbitrary and discriminatory manner. In support of this claim, the petitioner has offered the Court various statistical studies which purport to show that the death penalty has been imposed in Florida on the basis of such improper factors as the race of the victim, the place in which the homicide occurred, and the sex of the defendant. Second, petitioner claims that the prosecutor's remarks during the sentencing process, in which he urged the trial court to impose the death sentence in order to strike a fair balance between capital defendants and their victims, violated the petitioner's due process rights in that the remarks interjected a constitutionally impermissable and totally irrelevant concern into the trial judge's sentencing deliberations.

With regard to the first issue, it is the opinion of this Court that it constitutes an abuse of the writ in that this argument could have been presented in petitioner's first petition for a writ of habeas corpus. Petitioner's argument that he was incapable financially to present this issue until the statistical studies had been developed by others is not persuasive. The petitioner has proceeded *in forma pauperis* since the inception of this case. Upon proper application to the courts, he may have been eligible to receive funds to conduct the necessary studies. If this Court had been presented with any evidence that petitioner had made any effort to obtain funds for such a study and had been denied, the Court would have been impressed with the diligence with which the matter had been pursued. No such evidence, however, was presented to the Court.

Moreover, even if it were appropriate to reach the merits of this claim, it is the view of this Court that the statistical studies do not establish that the death penalty is applied in an arbitrary or discriminatory manner in the State of Florida.

This Court also finds that the second issue raised by the petitioner constitutes an abuse of the writ. Although the Supreme Court decided the cases upon which this claim is based, *Zant v. Stephens,* —— U.S. ——, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983) and *Barclay v. Florida,* —— U.S. ——, 103 S.Ct. 3418, 77 L.Ed.2d

1134 (1983), *after* the petitioner had filed his first petition for writ of habeas corpus, neither of these cases represent a radical departure in the law heretofore announced in previous cases.

The statutory procedure by which the death penalty is imposed in Florida sets forth what are appropriate aggravating and mitigating factors to be considered when a sentence of death is imposed. Certainly, the comments by the prosecutor which are now alleged to be improper in that they injected irrelevant factors into the sentencing process, were apparent in the record. The petitioner could have raised this claim earlier by alleging that the prosecutor had urged the Court to consider improper, non-statutory factors in imposing the death penalty. But the propriety of the prosecutor's remarks was not raised in petitioner's first petition for a writ of habeas corpus. Nor was this issue raised in petitioner's first motion for post-conviction relief in the state court which contained fourteen (14) other points.

▇ This Court additionally finds that the petitioner is barred from habeas relief on this issue in that the Supreme Court of Florida has found that a procedural default occurred in this case. Because of the procedural default, the Supreme Court of Florida did not even attempt to reach the merits of petitioner's argument.

This Court recognizes that under certain circumstances it can reach the merits of a habeas petitioner's claim, notwithstanding the state court's finding of procedural default. For example, if this Court were to find that the Supreme Court of Florida acted in a manner violative of due process in the way it administered its procedural default rule, this Court would not be barred from reviewing the merits of petitioner's claim. *See, e.g., White v. Estelle,* 566 F.2d 500, 504 (5th Cir.1978); *Reece v. Georgia,* 350 U.S. 85, 89–90, 76 S.Ct. 167, 170–171, 100 L.Ed. 77 (1955).

This Court, however, is not of the opinion that such a finding is at all warranted in the application of the procedural default rule in this case. Indeed, there is nothing before this Court, at this time, which would lead it to reach such a conclusion.

This Court could also reach the merits of petitioner's claim, notwithstanding petitioner's procedural default, if petitioner can demonstrate both "cause" for his failure to comply with a state's contemporaneous objection rule and "prejudice" resulting from the error of which he complains. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Yet, this Court finds neither "cause" nor "prejudice".

The petition and petitioner's counsel's argument before this Court is devoid of any showing relative to demonstrating "cause" for his failure to comply with the state's contemporaneous objection rule. The only theory expounded was based on the novelty of the issue as framed in *Zant v. Stephens supra* and *Barclay v. Florida supra.* The Court finds this argument unacceptable.

Nor can the petitioner rely on ineffective assistance of counsel to establish "cause" for failing to comply with the state's contemporaneous objection rule. The issue of ineffective assistance of counsel, as it pertains to the petitioner, has been exhaustively dealt with by not only this Court, but the Court of Appeals and by the Supreme Court of the United States in its opinion decided May 14, 1984, *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Although the specific issue sought to be presented to this Court was not raised in that previous habeas proceeding, the petitioner was given every opportunity to do so; particularly as it pertains to ineffective assistance of counsel. In that regard, it should be particularly noted that the sentencing judge himself was called as a witness before United States District Judge C. Clyde Atkins in the original habeas corpus proceedings and testified at length.

With regard to the "prejudice", the Court will not attempt to characterize the prosecutor's remarks at petitioner's sentencing or make a determination or finding as to whether these remarks were so improper as to rise to error of a constitutional

magnitude. The Court notes, however, that petitioner's argument presumes that the sentencing judge considered the prosecutor's remarks in the sentencing process. No such presumption is warranted. Unlike the cases cited by the petitioner, this case involved the alleged influencing of a judge in the sentencing process and not a jury composed of lay people. The sentencing judge's remarks in imposing sentence demonstrate that he was not at all affected by the prosecutor's allegedly improper arguments:

> Now we have listened to the testimony today and, of course, to Mr. Washington's discussion with us last week, and counsel's questions to the one witness relative to the question of forgiveness which, of course, is not mine nor is it the victim's and whatever forgiveness Mr. Washington will receive he will receive it with his own maker based upon the confession and the opening of his heart that he has done last week.

> I am a symbol of the law of this State and it is my responsibility under that authority to enter that judgment which I think is appropriately called for by the facts and the law, and I find that in this case that there are sufficient aggravating circumstances existing, in that there are not sufficient mitigating circumstances which would in any way overrule those aggravating circumstances, and, accordingly, it is the sentence of the Court that the death penalty be imposed on each of the three cases to run consecutive for the purposes of appeal review; that Mr. Washington be taken into custody by the Department of Criminal Rehabilitation, and that such sentence be imposed as is appropriate, consistent with the law.

There is nothing in these remarks to indicate that the sentencing judge was at all influenced by any allegedly improper arguments by the prosecutor. The Court rejects petitioner's claim that these remarks are ambiguous and that the sentencing judge may have considered improper factors in the sentencing process. It must be remembered that the sentencing judge here was not imposing the death penalty upon someone found guilty of one first degree murder. Rather, this was a case in which the Defendant had voluntarily pled guilty to three brutal murders. This Court finds that the sentencing judge's remarks indicate that he imposed the death penalty in accordance with the facts of this case and the law.

Accordingly, the petition for writ of habeas corpus is DENIED.