[Cite as *State v. Strojny*, 2023-Ohio-1016.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HEATHER L. STROJNY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0099**

---

Criminal Appeal from the
Struthers Municipal Court of Mahoning County, Ohio
Case No. CRB 2000342AB

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**

Reversed and Remanded.
Plea Vacated.

---

*Atty. John N. Zomoida Jr.*, Law Director, City of Struthers, 6 Elm Street, Struthers, Ohio 44471, for Plaintiff-Appellee

*Atty. Rhonda G. Santha*, 6401 State Route 534, West Farmington, Ohio 44491, for Defendant-Appellant.

Dated: March 24, 2023

---

_____

**WAITE, J.**

**{¶1}** Appellant, Heather L. Strojny, appeals the trial court's decision to deny the request to withdraw her guilty plea and also appeals her sentence in this case involving an incident with her child.  For the following reasons, Appellant's arguments are persuasive.  Her plea must be vacated and the matter remanded for further proceedings.

**{¶2}** On September 9, 2020, two complaints were filed against Appellant in Struthers Municipal Court.  One was for child endangerment, the other for contributing to the delinquency of a minor, both first degree misdemeanors.  Both charges arose out of the same set of facts.  The complaints alleged that Appellant's son, C.W., and two other minors were wandering around the streets of Struthers in the early morning hours of August 28, 2020.  When an officer approached the children, they ran.  The officer eventually stopped one of the minors, G.C., who told the officer that they had been knocking over trash cans and smoking marijuana.  G.C. told the officer that C.W. got the marijuana from his mother, Appellant, and that she gave C.W. marijuana all the time.  These facts form the basis for the two charges.

**{¶3}** Appellant was released on bond during the litigation of this case.  Trial was postponed a number of times, at least one of which was due to a COVID-19 outbreak at the court.  On March 12, 2021, a change of plea hearing took place.  Appellant was represented at the time.  Appellant's counsel and the prosecutor had reached an agreement in the matter which they presented to the court, where Appellant would complete 50 hours of community service prior to sentencing and pay a $500 fine in exchange for pleading guilty to count two, contributing to the delinquency of a minor.

Count one, child endangering, would be dismissed. The trial court apparently agreed with this plea, accepted the guilty plea, and postponed sentencing until June 13, 2021. (3/12/21 Tr., pp. 6-7.) Sentencing was again postponed to August 25, 2021, and then to September 15, 2021, and was to be combined with a hearing on other charges that were pending against Appellant.

{¶4} For reasons that are not clear from the record, no written plea agreement was filed regarding the March 12, 2021 plea. The court's docket contains an entry on that date which states: "PLEA GIVEN TODAY." No other documents were filed that day.

{¶5} On September 7, 2021, Appellant's counsel filed a motion to withdraw from her representation. The docket reflects that the motion was granted on September 8, 2021.

{¶6} On September 15, 2021, the sentencing hearing was held. Appellant was not represented by counsel in this matter, but counsel for another of Appellant's cases was present and attempted to be helpful during the hearing. However, counsel made it clear he was not familiar with this case, was not representing Appellant in the child endangering matter, and could not assist in the sentencing hearing regarding the matter. The trial judge acknowledged at the sentencing hearing that he signed an order releasing Appellant's counsel from this case, but proceeded to sentence her without counsel. (9/15/21 Tr., p. 6.)

{¶7} Early in the hearing, the trial judge made it clear to the attorney who was handling her other cases, "[m]y intention is to place your client in jail at some point for as long as I can." (9/15/21 Tr., p. 7.) Appellant became very upset at the court's remark, but the trial judge called her response "crocodile tears." (9/15/21 Tr., p. 8.) The judge

Case No. 21 MA 0099

stated that Appellant had come to court earlier asking for "a deal and for her not to go to jail," but now he intended to sentence her to jail. (9/15/21 Tr., p. 8.) At one point Appellant claimed she would kill herself rather than go to jail. (9/15/21 Tr., p. 9.) The judge stated: "But I did take her plea. And I said no, no to what was recommended. I want her to go to jail." (9/15/21 Tr., p. 10.)

{¶8} Counsel for her other case informed the court that there was a plea agreement in the record signed by the judge and the victim that indicated Appellant was to receive no jail time. The court noted that this agreement had not been entered on the docket and that he intended to rip it up. (9/15/21 Tr., p. 10). The record on appeal does not now contain this agreement.

{¶9} Appellant was verbally sentenced to six months in jail with no probation. (9/15/21 Tr., p. 14.) Appellant's other counsel attempted to immediately move to withdraw Appellant's plea, but this was denied. (9/15/21 Tr., p. 15.) Although Appellant indicated to the judge that her children were in her car waiting for her, the judge ordered the deputy to immediately arrest Appellant. Her other counsel again stated for the record that he had not been engaged to represent Appellant at this sentencing hearing.

{¶10} On that same day, a waiver of rights upon plea as well as a Crim. R. 11 plea agreement and sentencing entry were filed. This entry was very unusual in a number of respects. In the entry, count one was dismissed, and the entry reflects that Appellant pleaded guilty to contributing to the delinquency of a minor. The entry originally indicated no jail time was ordered, but that was crossed out and the number "180" was written next to the crossed out portion. The fine was originally written in as $500, but that was also crossed out and changed to $0.00. Fifty hours of community service was originally written

in, but that, too, was crossed out and changed to 0. This entry was signed by Appellant, Appellant's counsel (who had already withdrawn from her representation and was not present at sentencing), the prosecutor, and the trial judge.

{¶11} We again note that the change of plea/sentencing judgment entry has a file date of September 15, 2021. Since the entry is also signed by Appellant's original attorney, it is not clear when this document actually was placed into the record in this case, because counsel had requested to withdraw from Appellant's representation and his motion had been granted a week earlier. Again, he was not at the September 15, 2021 hearing and had ceased representing Appellant on September 8, 2021.

{¶12} Appellant's attorney in her other matter filed a notice of appeal and a motion to stay sentence on September 20, 2021. The stay was granted by the trial court on September 20, 2021, and Appellant was released from jail. Counsel was appointed for appeal.

{¶13} Appellee has conceded error as to Appellant's third assignment of error. Hence, we will address her three assignments out of order, for ease of understanding.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE STRUTHERS MUNICIPAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO LEGAL REPRESENTATION.

{¶14} Appellant contends that as she was not represented by counsel at the sentencing hearing, her sentencing was invalid. She points out that a criminal defendant is entitled to the Sixth Amendment right to the assistance of counsel in all critical stages of the prosecution. *United States v. Wade*, 388 U.S. 218, 224, 18 L.Ed.2d 1149, 87 S.Ct.

1926 (1967). Sentencing is a critical stage of the proceeding to which the right to counsel attaches. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The right to counsel means more than the mere presence of counsel, but counsel's effective representation as well. *Reece v. State of Ga.*, 350 U.S. 85, 90, 76 S.Ct. 167, 100 L.Ed. 77 (1955).

{¶15} In this case, Appellant's counsel had withdrawn one week before sentencing, and the motion to withdraw was approved by the court. Although different counsel was present at sentencing, it is clear from the record that his representation of Appellant was limited solely to another case, and that he was not at all familiar with the facts and procedural history of this case. He also reiterated that simply because he was present, he was not representing Appellant in her sentencing hearing in this matter. The state has conceded error on this assignment and agrees that Appellant's sentence was entered erroneously. Thus, Appellant's third assignment of error has merit and is sustained.

ASSIGNMENT OF ERROR NO. 2

MUNICIPAL TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S ORAL MOTION TO WITHDRAW HER GUILTY PLEA.

{¶16} Because Appellee has conceded that sentencing was improper in this case, the nature of our review of this assignment of error is different. Although the oral motion for withdrawal of Appellant's guilty plea occurred on her behalf after the judge pronounced sentence at the hearing, as that sentence was entered erroneously because Appellant did not have the assistance of counsel, our standard of review must take this into account.

This is true because the standards for ruling on the denial of a motion to withdraw a plea differ depending on whether the motion is made pre- or postsentence. Appellant's motion in this case must now be treated as a presentence motion to withdraw her plea.

**{¶17}** Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." This rule provides a clear and demanding standard for deciding a motion to withdraw a guilty plea made after sentencing, but provides no guidelines for deciding a presentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). We have held that a presentence motion to withdraw a plea "shall be freely and liberally granted," although the matter remains within the sound discretion of the trial court. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898, 746 N.E.2d 197 (2000). An abuse of discretion connotes more than an error of judgment; it implies that a decision is unreasonable, arbitrary, or unconscionable. *Xie* at 528.

**{¶18}** This record reveals an abuse of discretion did take place in this case. First, the trial court had a mistaken recollection of the agreement it made at the March 12, 2021 plea hearing. In that hearing the judge clearly agreed Appellant's sentence would consist of community service and a fine in lieu of jail time, and in no way indicated any predetermination to impose incarceration. Sometime later, at sentencing, the judge denied that this was the agreement at the change of plea hearing: "Well, what happened was, they came for a deal and for her not to go to jail. I said no, I want her to go to jail." (9/15/21 Tr., p. 8). However, this is not reflected in the March 12, 2021, transcript.

**{¶19}** Second, it is unclear why the change of plea was not made part of the record on or immediately after the March 12, 2021 change of plea hearing. The only change of plea form in the record is not dated, but is file-stamped on September 15, 2021, the date of the sentencing hearing. Oddly, it is signed by Appellant's first attorney, who was no longer her counsel as of September 8, 2021, the previous week. In the sentencing transcript the parties discuss an existing plea entry signed by the judge and the victim. After the sentencing hearing the trial judge said he intended to rip up that entry, and may have done so. However, it appears the judge may have later inartfully altered that earlier entry and filed it on September 15, 2021.

**{¶20}** The record provides no explanation for the court's change of heart and vehemence displayed at the sentencing hearing, which was a drastic change from the judge's demeanor at the plea hearing. Appellant was not represented by counsel at this hearing, so no effective arguments were made on her behalf. The vehemence displayed by the judge and the court's erroneous insistence that the judge had not agreed with the earlier recommended sentence are inexplicable from this record.

**{¶21}** Again, it is troubling that the signed plea agreement filed on September 15, 2021, appears to have been altered after it was signed. Jail time was changed to 180 days, the reference to 50 hours of community service was removed, and the $500 fine was also removed. The document (before the changes were made) reflects the agreement made at the change of plea hearing. Post facto modification of a plea agreement containing an agreed sentence without the defendant's consent by itself would provide sufficient reason to allow withdrawal of a plea.

**{¶22}** Based on the above, Appellant's motion to vacate her plea should have been granted, and the trial court abused its discretion in failing to grant this request. Thus, Appellant's second assignment of error has merit and is sustained.

ASSIGNMENT OF ERROR NO. 1

MUNICIPAL COURT EXHIBITED MALICE IN SENTENCING APPELLANT TO SIX MONTHS IN JAIL IN VIOLATION OF HER RIGHTS TO DUE PROCESS OF LAW AND, SPECIFICALLY, HER RIGHT TO AN IMPARTIAL TRIAL OF FACT.

**{¶23}** Appellant argues that the trial judge expressed malice toward her at sentencing and that this malice precluded him from being fair and impartial at sentencing. It is not clear from Appellant's argument what legal principle she believes was violated and how it forms reversible error. Appellant may be alleging a due process error. "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

**{¶24}** However, the proper avenue for redress when a party believes that a judge is biased and must recuse himself or herself from a case is the filing of an affidavit of bias

Case No. 21 MA 0099

with the Supreme Court of Ohio. R.C. 2701.031. On remand, should counsel believe judicial bias has occurred, an affidavit can be filed with the Ohio Supreme Court pursuant to R.C. 2701.031. We have no jurisdiction to rule on this issue. Hence, Appellant's first assignment of error is without merit and is overruled.

Conclusion

**{¶25}** Appellant has presented three assignments of error alleging error in the sentencing hearing, in failing to allow the withdrawal of her guilty plea, and judicial bias. Appellee has conceded error at sentencing due to the fact that Appellant was not represented by counsel. The record contains numerous irregularities following the acceptance of Appellant's plea and during the purported sentencing hearing, and for this reason Appellant's motion to withdraw her plea should have been granted. However, we have no jurisdiction to hear Appellant's claims of judicial bias. Hence, while her first assignment of error is overruled, Appellant's second and third assignments of error have merit and are sustained. Appellant's sentence is reversed, her guilty plea is hereby vacated, and the matter is remanded to the trial court for further proceedings.

Robb, J., concurs.

D'Apolito, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is overruled and her second and third assignments are sustained. It is the final judgment and order of this Court that the judgment of the Struthers Municipal Court of Mahoning County, Ohio, is reversed and Appellant's plea is vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**