## 8940. BISHOP *v.* THE STATE.

BROYLES, P. J. 1. A single accusation or indictment may include therein, in separate counts, any number of distinct misdemeanors of the same nature. *Tooke* v. *State*, 4 *Ga. App.* 495 (61 S. E. 917); *Butler* v. *State*, 18 *Ga. App.* 201 (89 S. E. 178).

2. The offenses of carrying a concealed weapon, and of carrying a pistol at a place other than the residence or place of business of the accused, without having previously secured the necessary license, are of the same nature, and may be included, under separate counts, in one accusation or indictment. *Butler* v. *State*, supra.

3. Upon an indictment containing more than one count, all charging misdemeanors, a general verdict of guilty is to be construed as convicting the defendant of each and every separate criminal transaction alleged in the indictment. *Driver* v. *State*, 112 *Ga.* 229 (4) (37 S. E. 400); *Tooke* v. *State*, supra. It logically follows that the same ruling applies in principle where a general plea of guilty is entered to such an indictment.

4. Under the foregoing rulings a general plea of guilty, under an indictment containing two counts, the first charging the accused with carrying a concealed pistol, and the second with carrying, outside of his home or place of business, a pistol, without having previously secured a license from the ordinary of the county so to do, is in effect a plea of guilty to both the offenses set forth in the indictment.

5. If the accused carries a pistol at a place other than his residence or place of business, without having previously secured the necessary license, and the pistol on that occasion is concealed about his person, he is guilty of both offenses, and, under an indictment wherein both offenses are charged in separate counts, upon a general plea of guilty, he can be punished for both offenses. The two offenses, while of the same nature, are separate and distinct, although committed at the same time and place and with the same pistol. See *Blair* v. *State*, 81 *Ga.* 629 (2) (7 S. E. 855).

6. Under the preceding rulings and the facts of this case, it was not erroneous for the court to sentence the defendant, under the first count, to serve twelve months in the chain-gang, and, under the second count, to impose a fine of $500 and costs, or, in default of such payment, to work twelve months in the chain-gang; the sentence under the second count (the fine not being paid) to be enforced from the expiration of the term under the first count. *Tooke* v. *State,* 4 *Ga. App.* 504 (supra).

7. The remaining assignment of error in the bill of exceptions, not having been referred to in the brief of counsel for the plaintiff in error, is treated as abandoned.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 2, 1917.

Indictment for carrying concealed weapon; from Whitfield superior court—Judge Tarver. April 12, 1917.

*W. E. Mann, Maddox, McCamy & Shumate,* for plaintiff in error. *J. M. Lang, solicitor-general,* contra.