## THOMPSON *v.* THE STATE.

No. 11165. JANUARY 18, 1936.

*E. W. Roberts* and *Roberts & Roberts,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Henry H. West, solicitor-general,* and *George L. Goode, assistant attorney-general,* contra.

ATKINSON, Justice. ■ On the trial of a defendant charged with murder it was a material question whether a bullet hole in the chest of the deceased was the point of entrance or the point of exit of the bullet. The coroner as a witness for the State testified: "My understanding from Dr. Floyd, it went in the back and came out the front. . . Well, my opinion, it went in the back, it looked like, I couldn't tell. . . I ain't no doctor; just what little I know about it." The court excluded evidence sought to be brought out on cross-examination of the coroner, "that he was present at the coroner's inquest, and heard Dr. Floyd testify before the coroner's jury that night, showing how the bullet entered his chest, that he took his finger and probed down into it, and testified to the jury that the bullet entered there." "A party has a right to make a thorough and sifting cross-examination of the witness called against him. Wherever the purpose is to impeach or discredit the witness, great latitude should be allowed by the court in cross-

examinations." *Mitchell* v. *State*, 71 *Ga.* 128 (6) ; Code of 1933, § 38-1705. The testimony of the coroner was in part based on what the doctor had said, and the testimony sought to be brought out on cross-examination would have tended to overcome the opinion of the witness in so far as it was based on the declarations of the physician. The court's ruling was an erroneous denial of the right of cross-examination, and is cause for a reversal.

■ Complaint is made of the refusal to allow the sheriff as a witness for the State to answer the question, on cross-examination : "Do you remember Dr. Floyd making this statement, . . that a man shot in front would naturally whirl ?" Any answer to this question could not have affected the testimony of the sheriff, who did not base his opinion upon any declaration the physician had made ; and its refusal was not erroneous.

■ The evidence was insufficient to authorize a charge on voluntary manslaughter, and the judge did not err in omitting to charge the jury on that subject.

■ The evidence was also insufficient to authorize a charge on justifiable homicide, with reference to protection of habitation. Code, § 26-1011.

■ There being a reversal, no ruling will be made on the sufficiency of the evidence to support the verdict.

*Judgment reversed.  All the Justices concur.*