## LONG v. THE STATE.

HEAD, Justice. 1. Ground one of the defendant's motion for new trial contends that the court erred in allowing an officer to relate statements made by Pressley (who was jointly indicted with the defendant for murder), which statements were made in the presence of the defendant and charged him with the actual homicide  It does not appear from this ground that there was any objection to this evidence on the ground that it was hearsay. The only objection made was, "that it would be inad- missible unless it was statements there during the course of the conspiracy with a view to furthering the conspiracy." This objection raised only the question of whether or not this particular exception to the hearsay rule would be applicable. There are a number of exceptions to the hearsay rule. For example, where the State shows affirmatively that one jointly indicted with the defendant made statements in the presence of the defendant charging him with the commission of the crime, and the defendant either stood mute or failed to deny the charge, the evidence would change in character from hearsay to that of an implied admission by the defendant. Code, § 38-409; *Miller* v. *State*, 158 *Ga.* 698 (2) (124 S. E. 195). It appears from this ground that the court

applied this rule in part in admitting the evidence, and no objection was made to its admission under this exception to the hearsay rule. The trial court did not err in overruling this ground of the motion for new trial.

2. Grounds 2, 3, and 4 assign error on the admission in evidence of a dental chart as the original record kept by the United States Navy concerning the alleged deceased, Edwards, and to the admission of testimony comparing the chart with physical evidence introduced by the State. In *Pressley* v. *State,* 205 *Ga.* 197, this court had under review the conviction of the person jointly indicted with the defendant in this case, and it was ruled there that, in the absence of an admission in open court that the document offered was in fact the original record, its contents could only be proved by a duly certified copy thereof. It was reversible error to allow the introduction of the dental chart, and the testimony concerning it.

3. Ground 5 contends that the court erred in sustaining the State's objection to a question propounded by counsel for the defendant, on cross-examination of the officer who had related declarations made by Pressley. The defendant's counsel had asked the witness, "Did you ever catch Mr. Pressley lying in any respect?" The witness had answered, "Yes, he admitted lying." On objection by State's counsel, the witness was not permitted to answer the next question, "Where did he [Pressley] admit lying?" Great latitude is allowed in cross-examination where the purpose is to discredit the witness. *Mitchell* v. *State,* 71 *Ga.* 129 (6). Where a witness has been allowed to repeat statements made by a person jointly indicted with the defendant, charging him with the commission of the offense for which he is being tried, his counsel should have the right to question the witness in regard to any admission of such person that he had made false statements pertaining to the participation of the defendant on trial with the commission of the crime.

4. Ground six contends that the introduction of certain evidence was in violation of the constitutional injunction that "No person shall be compelled to give testimony tending in any manner to criminate himself." Even if the testimony quoted in the ground was inadmissible as contended, the defendant will be deemed to have waived any objection thereto, since none was made at the time the evidence was offered.

5. It was not error for the court to charge: "Admissions refer to civil cases. Confessions to criminal."

6. There was evidence in the case from which the jury might infer that a criminal conspiracy existed between the defendant and Pressley to steal and dispose of the automobile of the alleged deceased, in which event the acts of either of the conspirators during the pendency of the criminal enterprise would be chargeable against the other. It was therefore not erroneous for the court to charge the jury on the law of conspiracy.

7. For rulings on the sufficiency of similar evidence to establish the corpus delicti, see *Pressley* v. *State,* supra.

*Judgment reversed. All the Justices concur.*

No. 16534. MAY 11, 1949.

*E. O. Blalock* and *Ben Smith Jr.*, for plaintiff in error.
*Eugene Cook, Attorney-General, J. R. Walker, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.