## 19433. REECE *v.* THE STATE.

MOBLEY, Justice. For previous appearances of this case in this court, see *Reece* v. *State*, 210 *Ga.* 578 (82 S. E. 2d 10); 211 *Ga.* 339 (85 S. E. 2d 773); 212 *Ga.* 161 (91 S. E. 2d 29). The defendant has been tried again for the offense of rape and found guilty without a recommendation of mercy. *His motion for new trial on the general and two special grounds was denied, and to that judgment he has excepted.* *Held:*

1. In special ground 1, error is assigned upon the court's charging the jury the law applicable to confessions, because, it is contended, there was no evidence presented upon the trial sufficient to constitute a confession by the defendant. It is contended that the statements relied upon by the State as constituting a confession do not show the element of force in the commission of the act; and that, as this essential element of the crime of rape was not confessed to, the charge upon confessions was erroneous and harmful. A witness for the State testified that, while the defendant was under arrest and being held in jail following the attack in this case, the witness explained to the defendant the charge which had been made against him, and the defendant stated that he went to the home of·the victim and asked for a drink of water on the front porch; the victim brought it to him; he then opened a pack of cigarettes and, when the victim came back with a match, "he asked her if she had ever had anything to do with a colored man, and he said she screamed and hollered and told him to leave and not come back. And he said he grabbed her by the arm and threw her down on the floor and raped her." "A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged." *Owens* v. *State,* 120 *Ga.* 296 (2) (48 S. E. 21). "Rape is the carnal knowledge of a female, forcibly and against her will." Code § 26-1301. The entire statement of the defendant negatives any reasonable possibility that the act was done with the consent of the victim, and shows conclusively that the element of force was present and was used by the defendant. These facts are sufficient to authorize a charge upon the law of confessions, and special ground 1 is without merit.

2. Special ground 2 excepts to the following charge: "Admissions usually refer to civil cases and confessions to criminal cases. All admissions should be scanned with care, and confessions of guilt received with great caution," on the grounds that said charge was confusing and misleading to the jury and unsound as an abstract principle of law. This ground is without merit. Code §§ 38-401, 38-420; *Hunter* v. *State,* 43 *Ga.* 483 (4); *Long* v. *State,* 205 *Ga.* 257 (5) (53 S. E. 2d 365).

3. Counsel for the defendant, in their argument on the general grounds of the motion for new trial, confine the issues to the question of the defendant's lack of intelligence, and maintain that, since the defendant has a low degree of intelligence, he is not responsible for his criminal acts. The evidence is amply sufficient to show that the defendant is the person who committed the attack upon the victim in this case. The defendant is an adult, and there was no testimony given upon the trial that he is either an idiot or a lunatic. There was testimony that he can

distinguish between right and wrong. Weak-mindedness alone is no defense to crime. *McKethan* v. *State*, 201 *Ga.* 23, 38 (39 S. E. 2d 15), and cits. The evidence in the record that the defendant had· the mentality of a child nine or ten years old does not relieve him from responsibility for crime. *Summerour* v. *Fortson*, 174 *Ga.* 862 (4) (164 S. E. 809). The general grounds are without merit.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 10, 1956—DECIDED OCTOBER 9, 1956.

*Daniel Duke, Osgood O. Williams*, for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.