### 20225. WOODS *v.* THE STATE.

HAWKINS, Justice. Henry R. Woods was convicted without recommendation, in Fulton Superior Court, of the murder of Joy Lee McCord. To the judgment denying a motion for new trial based on the general grounds only, the defendant excepts, counsel for the defendant stating that a review of the case is sought on the theory that, where counsel are appointed to represent an accused, they should always insist that a conviction be reviewed by this court where the death penalty has been imposed by the jury. *Held:*

1. On the trial of the case the main contentions in behalf of the defendant were: (1) that he was not guilty by reason of insanity; and (2) that, if sane in the legal sense, the defendant was a person of weak mind, and the jury should recommend mercy because of weak-mindedness and partial mental irresponsibility. Upon written request by counsel for the defendant, the trial court charged the jury that, while weak-mindedness is no defense to the commission of a crime, yet the jury may consider evidence, if any, in regard thereto, in connection with their consideration of the question of whether or not they would recommend him to mercy in the event they found him guilty of murder; that weak-mindedness on the part of the prisoner, if such condition has been shown, may authorize a recommendation of mercy by the jury if

the jury is of the opinion that mercy should be recommended to the prisoner on that account. The defendant was thus given a greater advantage than he was entitled to under the law. *Studstill* v. *State*, 7 *Ga.* 2 (6); *Rogers* v. *State*, 128 *Ga.* 67, 68 (57 S. E. 227, 10 L. R. A. (NS) 999, 119 Am. St. R. 364); *Summerour* v. *Fortson*, 174 *Ga.* 862 (164 S. E. 809); *Rozier* v. *State*, 185 *Ga.* 317, 319 (195 S. E. 172).

2. The record discloses that, on the morning of July 19, 1957, Joy Lee McCord was on duty in the office of her employer, Rose Finance Company, and that, shortly before 9 o'clock the defendant was seen in the office; that a few minutes after 9 o'clock the body of Miss McCord, which had been violently beaten with a metal pipe and stabbed with a knife, was found on the floor near her desk, lying in a pool of blood. About two hours after the homicide, the accused was arrested, had blood on his sock and the money taken in the robbery in his pocket. While he first denied his guilt, he later accompanied the officers to his home, and there turned over to them the metal pipe and knife with which Miss McCord was killed, and made a confession explaining in detail the manner in which he killed the deceased, and re-enacted the robbery and murder at the scene in the presence of the officers. Two psychiatrists appointed by the court, on motion of defense counsel, to examine the accused, testified on the trial that in their opinion the accused was sane, and could distinguish between right and wrong, but was weak-minded. Weak-mindedness alone is no defense to crime. *Harris* v. *State*, 211 *Ga.* 327 (85 S. E. 2d 770); *Reece* v. *State*, 212 *Ga.* 609 (94 S. E. 2d 723).

3. The evidence fully corroborated the detailed confession of the defendant, and shows a brutal and wanton robbery and murder, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

*Clyde W. Henley, William Hall,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Thomas R. Luck, Jr., Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.