## 30382. HEAD v. THE STATE.

INGRAM, Justice.

This is a criminal case involving convictions in Fulton Superior Court for armed robbery, carrying a concealed weapon and carrying a pistol without a license. Appellant received sentences totaling 20 years and 24 months for the three offenses and, after his motion for a new trial was overruled in the trial court, he filed this appeal.

The state's case rested primarily upon the victim's identification of appellant at a lineup as one of several people who robbed her at gunpoint in her home. Appellant's defense, corroborated by a number of witnesses, was that of alibi. The trial court, after hearing evidence outside the jury's presence, concluded the lineup had been fairly conducted.

Appellant's sole contention regarding the lineup is that the state failed to show it was fair and impartial. On this basis appellant argues that the victim's testimony about the lineup identification should have been suppressed.

The transcript shows the victim had a good

opportunity to become familiar with appellant's features by viewing him for approximately 30 minutes at close range in well-lighted rooms. The description she gave the police after the crimes fit appellant. The lineup was conducted only a week after the crimes were committed and the other seven men in the lineup with appellant were of the same race, and, generally, the same height and age, as appellant. The victim unhesitatingly identified appellant as one of the robbers. The evidence amply satisfies the standards required for fair and impartial lineups. See Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375) (1972); Hobbs v. State, 235 Ga. 8, 9 (218 SE2d 769) (1975); Sherwin v. State, 234 Ga. 592, 593 (216 SE2d 810) (1975); and Yancey v. State, 232 Ga. 167, 169 (205 SE2d 282) (1974)..

Appellant also argues the trial court erred in restricting his voir dire examination of a prospective juror in violation of Code Ann. § 59-705. Defense counsel asked a prospective juror if he heard a story given by the assistant district attorney when a man pleaded guilty to kidnapping in another case earlier that day and wanted to know what the juror thought about it. The state objected to the question and the trial court sustained the objection. This was not error. See Whitlock v. State, 230 Ga. 700, 706 (5) (198 SE2d 865) (1973), and Reynolds v. State, 231 Ga. 582, 583 (2) (203 SE2d 214) (1974).

Another issue on appeal is whether the trial court erred in overruling defense counsel's objection to cross examination by the state of two of appellant's alibi witnesses on whether prior to trial they had informed anyone in law enforcement about the matters to which they had testified, to wit, placing appellant at a party elsewhere at the time of the crimes. This was permissible cross examination touching the credibility of these witnesses. See Code Ann. §§ 38-1705 and 38-1805; Long v. State, 205 Ga. 257 (5) (53 SE2d 365) (1949); and Thompson v. State, 181 Ga. 620 (1) (183 SE 566) (1936).

The evidence relating to the offenses of armed robbery and carrying a concealed weapon was sufficient to create issues for the jury's decision and the verdicts of guilty for these two offenses were authorized and will be affirmed. Merino v. State, 230 Ga. 604 (198 SE2d 311)

(1973). However, the state introduced no evidence which shows appellant did not have a license for the pistol "from the ordinary [probate judge] of the county in which he resides." Code Ann. § 26-2903. Therefore, the trial court's judgment of conviction and 12-month sentence for this offense must be reversed. See *Coats v. State*, 234 Ga. 659, 662 (217 SE2d 260) (1975); *Daniels v. State*, 234 Ga. 523, 525 (216 SE2d 819) (1975); and *Freeman v. State*, 233 Ga. 678 (212 SE2d 847) (1975). See also Johnson v. Wright, 509 F2d 828, 830 (7) (5th Cir. 1975).* Those cases, exemplified by *Johnson v. State*, 230 Ga. 196, 200 (196 SE2d 385) (1973), and *Ezzard v. State*, 229 Ga. 465 (3) (192 SE2d 374) (1972), which hold that whether an accused has a license to carry a pistol is a matter of defense and is not an element of the offense, are hereby overruled.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Jordan, J., who dissent.*

SUBMITTED OCTOBER 3, 1975 — DECIDED DECEMBER 3, 1975.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.

---

*Cert. den. December 8, 1975. 44 USLW 3344.