## 30498. TODD v. THE STATE.

PER CURIAM.

Johnny Otis Todd, Darnell Royalston and Michael Jennings were indicted for the armed robbery of a Majik Market in Fulton County. Todd was convicted and sentenced to serve 10 years. He was also indicted and convicted of carrying a pistol without a license and carrying a concealed weapon. He received two twelve

---

*Cert. den. December 8, 1975. 44 USLW 3344.

month concurrent sentences for these offenses. He appeals.

The evidence shows that on December 29, 1974, the appellant and the other two co-indictees robbed the manager of the market at gunpoint. One man held a gun on the manager and another co-indictee held a gun on her husband who was present in the store. The robbers took the money from the cash register and some cigarettes. Then they forced the manager and her husband into a back room of the store. After the robbery as the appellant was leaving the store, he met a customer coming into the store. The appellant smiled at the customer and told her that a robbery had just occurred. Within 45 seconds of receiving an automatic radio frequency report that a robbery was in progress at the market, a police car arrived on the scene. The police officer apprehended Royalston outside the store, radioed for assistance, took Royalston's jacket which contained the money taken in the robbery, and had him "spread-eagled" on the ground. The officer saw the appellant rushing from the store and then running to the side of the store and escaping. Royalston then escaped but was soon apprehended by another officer who had come to the scene.

Jennings was captured, pled guilty and testified that the three named indictees had committed the armed robbery. The appellant introduced the testimony of his mother, his girl friend, and a family friend to support his defense of alibi. *Held:*

1. The appellant contends that the trial court erred in allowing in evidence over his objection testimony that Royalston, a co-indictee, told a police officer that the appellant was one of the perpetrators of the armed robbery. The appellant contends he was denied the right to confront Royalston since he did not testify at the trial and his nonavailability was not shown.

Without deciding whether this evidence was improperly admitted, it is harmless beyond a reasonable doubt in this case. Jennings, the other co-indictee, testified that the appellant participated in the robbery. The manager of the store, a customer entering the store, and a police officer all positively identified the appellant. *Mathis v. State,* 231 Ga. 401 (2) (202 SE2d 73) (1973);

*Morgan v. State,* 231 Ga. 280 (201 SE2d 468) (1973); Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1966); Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1968); Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

The convictions of armed robbery and carrying a concealed weapon are affirmed.

2. The appellant contends that his conviction of carrying a pistol without a license should be reversed since the state did not present any evidence that he did not have a license to carry the pistol.

In *Head v. State,* 235 Ga. 677, this court held that the conviction of carrying a pistol without a license should be reversed because the state did not introduce evidence showing that the appellant did not have a license for the pistol "from the ordinary (probate judge) of the county in which he resides." Code Ann. § 26-2903 (Ga. L. 1968, pp. 1249, 1323).

The conviction of carrying a pistol without a license is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Jordan, J., who dissent from the ruling made in Division 2.*

Submitted November 14, 1975 — Decided December 4, 1975.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.