## 53747. ASBERRY v. THE STATE.

Submitted April 7, 1977 — Decided April 19, 1977.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

Deen, Presiding Judge.

1. The appellant's first enumeration of error urges that his motion for directed verdict as to the counts of carrying a concealed weapon and carrying a pistol without a license should have been granted.

The events pertinent to this appeal occurred on July 14, 1976, subsequent to the effective date of Ga. L. 1976, p. 1430 et seq. The appellant does not dispute the sufficiency of the evidence showing that on that date he was carrying two concealed weapons; he does contend however that the evidence does not support a finding of a violation of Code Ann. §§ 26-2901 and 26-2903 because the state has failed to prove the absence of a license to carry those weapons. *Todd v. State,* 235 Ga. 679 (221 SE2d 800).

Both Code Ann. §§ 26-2901 and 26-2903 require a license issued by the judge of the probate court of the applicant's county of residence. In this case there was testimony, which the jury was authorized to believe, that the appellant was on the date in question a resident of Clarke County. The probate judge of Clarke County testified that no such license had been issued to the appellant through her. The appellant urges that since licenses are good for three years and the new licensing act specifically provides that licenses issued before July 1, 1976, which are valid are continued in force and effect until their expiration, the state has not proved the appellant did not have a valid license from the probate

court of *some* county in Georgia of which he *might* have been a resident sometime during the three years preceding the incidents here in issue.

Both licensing statutes, the former and present Code Ann. § 26-2904, require issuance from the probate court of the county of residence. True, the present Code Ann. § 26-2904 continues the efficacy of licenses issued before July 1, 1976, if they are *valid;* and in order to be valid they must be issued in the county of residence and not the county of former residence. Thus if the appellant was a resident of Clarke County on the date in question, and there was evidence from which the jury could conclude that he was, he must be licensed under Code Ann. §§ 26-2901 and 26-2903 by that county's probate court. Were the appellant not a resident of that county but possessed of a valid license issued by the county of his residence and not having expired on the date in question the results would be different; a license to carry a concealed weapon or a pistol which is validly issued in the county of residence is good throughout the entire state until expiration. Where, however, a defendant carries a concealed weapon or a pistol without having been issued a license to do so by the probate court of the county of his residence, he may be found in violation of Code Ann. §§ 26-2901 and 26-2903. A license issued by the probate court of the county of former residence does not satisfy the requirements of Code Ann. § 26-2904.

We also note that both Code Ann. §§ 26-2901 and 26-2903 require not only a valid license but also that that license be carried *on the person* of the licensee. Thus even though one has been licensed to carry a concealed weapon or pistol prior to July 1, 1976, by the probate court of the county of residence and that license is continued in force and effect after that date until expiration by virtue of Ga. L. 1976, pp. 1430, 1433, after July 1, 1976, a person may be convicted of violating Code Ann. §§ 26-2901 and 26-2903 unless he has that valid license on his person. The appellant here was not only shown not to have been issued a valid license by the Clarke County Probate Court, he was also shown to have had on his person at the time in question *no* license from *any* county in Georgia of which he *was* a resident.

The motions for directed verdict were properly overruled.

2. The appellant objects to the trial judge's charge to the jury on the law of carrying concealed weapons and a pistol. The charge was not error for any of the reasons alleged; it was a correct statement of the law as discussed in Division 1 of this opinion.

3. Lastly, we are urged to hold that there is a merger of the offenses of carrying a concealed weapon and carrying a pistol without a license when the only weapon involved is a pistol and that it was therefore error for the trial judge to instruct the jury to return separate verdicts as to these counts. We could reach this conclusion urged upon us by the appellant only by overruling *Freeman v. State,* 132 Ga. App. 742 (4) (209 SE2d 127): "Carrying a pistol without a license and carrying a concealed weapon are separate offenses, although growing out of the same transaction (*Bishop v. State,* 21 Ga. App. 236 (4) (94 SE 49). . ." This we decline to do. There was no error.

*Judgment affirmed. Webb and Marshall, JJ., concur.*