## 32657. LOWE v. THE STATE.

UNDERCOFLER, Presiding Justice.

Michael J. Lowe appeals his conviction for murder, carrying a pistol without a license and carrying a concealed weapon. He received a life sentence to run concurrently with two twelve-month sentences for the misdemeanor offenses. Lowe raises the general grounds and the refusal of the trial court to grant his motion for acquittal on the misdemeanor charges. We affirm.

1. The jury was authorized under the conflicting evidence presented to find that Lowe planned to get some money the first place he could, and had asked his friend Darnell Royalston, with whom he was driving around, to help him. Royalston refused, but let Lowe out by a cookie truck making deliveries behind Reverend White's candy shop, while he went inside to buy some gum. Lowe apparently had a pistol and attempted to rob the cookie man, but a fight ensued in which both men had guns. During the struggle, two shots were fired before Lowe ran away. As he did so, the cookie man tried to shoot at him, but the gun would not fire. He then threw the gun at Lowe. Meanwhile, Reverend White came out of the store and fired several rounds from a .25 caliber automatic at the fleeing defendant. The cookie man died of two gunshot wounds fired at close range. The fatal shot passed through his body; the other, a .22 caliber bullet, was recovered from his body.

When Royalston, who observed this action from the store and testified against his friend, returned to his car, Lowe was seated in the passenger seat. He told Royalston he had shot the cookie man, and had dropped his gun. Royalston picked up a brown and black .22 caliber gun that he thought to be Lowe's, but which still had six full rounds in it, and kept it under his mattress until he turned it over to the police. Evidence was presented tending to show that the cookie man's gun was a brown and black .22. The silver .22 caliber gun described as belonging to the defendant was not found, nor were any spent bullet shells recovered at the scene.

Lowe's defense was that the cookie man was the aggressor and had grabbed him as he walked by. He

contends the unfired gun belonged to him and that the cookie man was most likely killed by his own gun or could have been killed by Reverend White, who in his excitement, had even shot himself in the hand while in the process of firing at Lowe. The jury, however, in considering all the evidence, was authorized to believe the state's case and find Lowe guilty of murder.

2. In his fourth enumeration of error, Lowe contends the state failed to prove that he did not have a license to carry a pistol (Code Ann. § 26-2903; Ga. L. 1968, pp. 1249, 1323), and that he was carrying a concealed weapon (Code Ann. § 26-2901; Ga. L. 1968, pp. 1249, 1323).

The evidence clearly supports Lowe's conviction for carrying a concealed weapon. Royalston testified that he did not know that Lowe had the gun and did not see it, though they had been riding around together, until he observed Lowe and the victim scuffling, each with a gun. Lowe claims the black and brown unfired gun was his, and therefore admits having had a gun in his possession. Compare Ga. L. 1976, p. 1430 (Code Ann. § 26-2901 (Supp. 1976)).

We reverse the conviction and sentence for carrying a pistol without a license. *Head v. State,* 235 Ga. 677, 679 (221 SE2d 435) (1975).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED AUGUST 12, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Hester & Hester, Frank B. Hester, Robert C. Ray,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney,* for appellee.