## 57729. DEVLIN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for carrying a pistol without a license. His sole enumeration of error is "It was error for the trial court to enter judgment on the verdict in that the verdict is illegal and contrary to law because the State failed to prove an essential element of the offense; to wit, that the State failed to prove that the Defendant did not have on his person a valid license issued by the Judge of the Probate Court of the county in which he resides."

The defendant contends that the state failed in carrying its burden since it did not establish the county in which defendant resided. *Head v. State,* 235 Ga. 677, 679 (221 SE2d 435) on which he relies is not applicable. It was there held "However, the state introduced no evidence which shows appellant did not have a license for the pistol 'from the ordinary [probate judge] of the county in which he resides.' Code Ann. § 26-2903. Therefore, the trial court's judgment of conviction and 12-month sentence for this offense must be reversed." At the time of the *Head* decision under Code Ann. § 26-2903 (Ga. L. 1968, pp. 1249, 1323) there was no requirement that a license be carried on one's person.

Code Ann. § 26-2903 (Ga. L. 1976, pp. 1430, 1432) now reads "A person commits the crime of carrying a pistol without a license when he has or carries on or about his person, outside of his home, motor vehicle or place of business, any pistol or revolver without having on his person a valid license issued by the judge of the probate court of the county in which he resides." Here the evidence showed the defendant had no license on his person permitting him to carry a pistol. As held in *Asberry v. State,* 142 Ga. App. 51, 52 (234 SE2d 847) a conviction is authorized where proof is offered that the defendant "was also shown to have had on his person at the time in question *no* license from *any* county in Georgia of which he *was* a resident."

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MAY 9, 1979 — DECIDED JUNE 19, 1979.

*C. P. Brackett, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.