## 62810. WEST v. THE STATE.

BIRDSONG, Judge.

William R. West was convicted of aggravated assault (with a pistol) and possessing a pistol without having a valid license on his person while carrying the pistol outside his home or business. He was sentenced to ten years on Count 1, five to serve and five on probation, and to twelve months for Count 3 to be served consecutively to Count 1. Count 2 (carrying a concealed weapon) was nol prossed prior to verdict. West brings this appeal enumerating five alleged errors. *Held:*

1. In his first enumeration of error, West raises the general grounds. The jury was warranted in believing that West, a 47-year-old man, lived with his mother on a farm. West drank heavily and routinely was in some form of intoxication. He was abusive to his mother and harassed her until he got what he wanted. He had been asked to leave the home for the past two years but would not vacate. On the evening in question, he was once again abusive to his mother, striking her and threatening her and humiliating her. The mother locked herself in her room, but West picked the lock on several occasions and continued his abusive treatment. The mother eventually called another son and reported the treatment. The second son came and demanded that West leave the parental home; and told West that he was no longer tolerated in the home. West, who routinely carried a pistol, pulled the pistol and shot once, shooting his brother through the foot. West continued to threaten the brother with the pistol, stating that he would not leave and that he would shoot his brother and though he might not kill him, he would maim the brother. Ultimately, the mother and brother made their escape from the house without further injury. West later was apprehended, and at the time of his apprehension attempted to draw the pistol against the apprehending officers. He was subdued and the pistol taken from him. At the time of his apprehension, West had no license on his person and stated he did not need a license to carry his pistol.

Under such evidence, we have no hesitancy in affirming this conviction over an objection that West was acting in self-defense or

that the state did not prove that the probate judge in Grady County had not issued a license to West to possess the pistol. We are satisfied that any rational trier of fact would have found West's guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration, West contends that the state erroneously placed his character in evidence when the witness testified that West was known to be dangerous and carried a pistol. Appellant takes this evidence out of context. The officer was testifying why West was not apprehended at his home but away from his home and out in the open. This evidence was admissible for either of two reasons. The evidence tended to explain the conduct of the officers in waiting to apprehend West many hours after the incident and away from the scene of the incident. See *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775); *Garrett v. State,* 147 Ga. App. 666, 671 (8) (250 SE2d 1). Moreover, West contended that he acted innocently and in self-defense of himself and his home. The evidence thus was admissible as tending to show bent of mind and course of conduct. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Deuser v. State,* 138 Ga. App. 211, 213 (225 SE2d 758).

3. In enumerations 3 and 4, West complains that the trial court erred in denying his motion for directed verdict of acquittal on Count 3 and in charging the jury on the elements of that crime. He argues that the state did not prove he had not been issued a license to carry a weapon. This argument is without merit. It does not matter whether or not a license has been issued. The amended statute required West to have a license on his person. He does not contend that he had such a license, and the state's evidence established that he did not. Such evidence fully supports the conviction and warranted the denial of the motion and the charge of the court. *Devlin v. State,* 150 Ga. App. 353 (258 SE2d 36).

4. In his last enumeration of error, appellant argues that the trial court erred in including as part of West's probation that West would stay away from his mother and brother during the term of the probation. That was just one of several terms of proba-tion.

The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Considering the harassment of his mother by the appellant and the fact that he is violent enough in disposition to shoot his brother and threaten to maim him, we hardly believe it to be arbitrary or unreasonable to require the appellant to remain away

from those persons during the term of his probation. If a trial court legally can banish a defendant from a six-county area (*Collett,* infra) in order to keep him away from a drug-related community, we consider an order to stay away from persons a defendant has abused in the past to be a reasonable term of probation. See *State v. Collett,* 232 Ga. 668 (208 SE2d 472); *Wilson v. State,* 151 Ga. App. 501, 504 (8) (260 SE2d 527). This enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1982.

J. Patrick Ward, for appellant.

Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney, for appellee.