### 71546. MARLOW v. THE STATE.
(340 SE2d 242)

BIRDSONG, Presiding Judge.

The defendant, Frederick Marlow, appeals his conviction of the offenses of possession of a firearm by a convicted felon, carrying a concealed weapon, and carrying a pistol without a license.

Tom Plock, a Columbus police officer on routine patrol near the Pillow Talk Lounge on September 27, 1984, observed the defendant and a "Mr. Cross" talking to two soldiers. The officer suspected a drug deal was in progress and approached them. Cross walked toward him and the officer gave him a "preliminary pat-down." The officer found an ammunition clip for an automatic pistol and suspected that Cross or Marlow possessed a pistol. Marlow was walking toward the lounge and the officer told him to "stop." Marlow walked a little faster and told the officer he had to go to the bathroom. The officer grabbed defendant by the belt and saw Marlow reach into his pants. The officer pulled his weapon, pointed it at the defendant "and told him to drop whatever he had." A pistol fell to the ground between the legs of the defendant. The officer placed Marlow in the patrol car and then retrieved the pistol from the spot where it had fallen. "It was the same pistol that [the defendant] had dropped." The weapon had been concealed when he first approached Marlow and the defendant did not produce a license for the weapon.

The floor manager for the lounge saw the defendant and Cross talking to two soldiers in the lounge and approached them. They went out the front door and he followed. He saw the officer arrive and saw Cross and the defendant talking to two soldiers. He saw Marlow reach "in his pants and [try] to get to a gun." He had seen the butt of a gun when Marlow was inside the club. He saw the officer pull his gun and order Marlow to "raise his hands." The officer "recovered the gun while Mr. Marlow was standing right there."

The state introduced in evidence a prior conviction of the defendant for the offense of aggravated assault, a felony, in which Marlow had entered a plea of guilty.

Marlow testified that he was asking a soldier for a ride when he was approached by Officer Plock. He did not have a pistol in his pos-

session and the ammunition clip and the pistol introduced in evidence were not the clip and the gun found at the Pillow Talk Lounge. Marlow appeals his convictions. *Held*:

The defendant enumerates as error only the sufficiency of the evidence to establish the offenses of which he stands convicted. Although the testimony of Officer Plock and the lounge manager differ on insignificant details, "[w]hen viewed in the light favorable to the verdict this evidence is sufficient to enable any rational trier of facts to find the existence of the offense[s charged] beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199); see also *Jordan v. State*, 166 Ga. App. 417, 418 (304 SE2d 522); *Asberry v. State*, 142 Ga. App. 51, 52 (234 SE2d 847).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 24, 1986.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney*, for appellee.