A94A0620. DAVIS v. THE STATE.
(444 SE2d 142)

POPE, Chief Judge.

Defendant Melvin J. Davis appeals from his convictions for shoplifting, attempting to elude an officer and obstruction of an officer. Defendant also challenges his sentence of confinement in the Lowndes County jail for a period of more than one year.

1. In his first two enumerations of error the defendant argues the trial court erred in failing to grant his motion for directed verdict resulting in a verdict that was contrary to the weight of the evidence and in denial of his right to due process. A directed verdict of acquittal is authorized only when there is no conflict in the evidence and the evidence and all reasonable deductions and inferences that can be drawn from it demand a verdict of acquittal. *Pierce v. State*, 209 Ga. App. 366, 368 (4) (433 SE2d 641) (1993). On appeal, this court does not reweigh the evidence but only determines its legal sufficiency. *Lysfjord v. State*, 208 Ga. App. 811 (1) (432 SE2d 247) (1993).

The following evidence was presented by the State: On November 11, 1992, an employee at a gasoline station (the "station") observed a young man carrying cases of two-liter Pepsi Cola from a display area in the front of the store to a car parked at the side of the store. The employee alerted his colleague to call the police. The man, realizing the employee saw him, put down the colas and fled around the southeast corner of the building. The employee stood watch until a police officer arrived. He told the officer what he saw and that he suspected the white car parked on the side of the store was where the man was taking the colas. The officer parked his car behind that vehicle in case it was being used in the crime, noted the tag number and called it in to determine who was the owner. Then the employee and officer walked inside the store to complete a report.

While they were inside, an off-duty officer stopped by the station to buy gasoline. The investigating officer told that officer what happened. When the off-duty officer went back outside the station, someone told him a man wearing no shirt was watching them from a ditch area in apartments across the street. The off-duty officer walked across the street to those apartments and observed a man wearing no

shirt running across the street toward a vehicle located at the station. He radioed the officer inside the store and told him what he was observing and also gave chase. Before either officer could arrive at the vehicle, the man entered the vehicle and locked the doors.

The police officers approached the vehicle, advised him they were officers and ordered him to exit the vehicle. The man refused, started the car, and began to try to free the vehicle from being blocked by the patrol car. While the officers were attempting to get the man out of the car, they were very close to him. Both were able to give accurate descriptions and later identify him as the defendant.[1] The defendant was able to free the car and fled the scene. The investigating officer gave chase, but defendant abandoned the vehicle and was able to escape on foot. The automobile was recovered and stolen colas were found in the trunk.

When the owner of the vehicle was contacted by the police, she informed them that she had lent her automobile that evening to defendant, her boyfriend. Defendant was later arrested and charged.

Clearly the evidence presented by the State in this case did not demand a verdict of acquittal and it was sufficient to allow a rational finder of fact to find the defendant guilty of the crimes for which he was convicted. The trial court did not err in refusing to grant defendant's motion for directed verdict.

2. Defendant also argues the trial court erred in sentencing him to serve his full sentence in the Lowndes County jail. Defendant was sentenced to six months in the Lowndes County jail for shoplifting, six months for attempting to elude an officer and twelve months for obstruction of an officer, all sentences to run consecutively. Defendant argues that because his total confinement period in the jail of Lowndes County exceeds 12 months, this sentence is in violation of OCGA § 17-10-3 (a) (1), which provides: "(a) Except as otherwise provided by law, every crime declared to be a misdemeanor shall be punished either: (1) By a fine not to exceed $1,000.00 or by confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a total term not to exceed 12 months, or both." (Indentation omitted.) When construing a statute this court must look to the plain meaning of words and if there is only one reasonable construction, the statute must be construed in that manner. See *Macon-Bibb County Hosp. Auth. v. Houston County*, 207 Ga. App. 530, 531 (428

---

[1] There is no merit to defendant's contention that because the station employee could not positively identify him he cannot be convicted of the crime of shoplifting. The other crimes for which defendant was convicted arose out of the same transaction and evidence of the crime of shoplifting was removed from the vehicle that defendant was driving on the night in question.

SE2d 374) (1993). The only reasonable interpretation of the disputed statutory language is that for the conviction of any *single* misdemeanor a defendant's sentence for such crime shall not exceed a fine of $1,000, confinement in any of the correctional facilities listed in the statute for a period of time not to exceed 12 months, or both. It should not be interpreted as defendant argues to prohibit confinement in the correctional facilities listed for more than twelve months if the defendant is convicted of *more than one* misdemeanor, as the defendant was in this case. See *Bishop v. State*, 21 Ga. App. 236 (6) (94 SE 49) (1917).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994.

*Copeland, Thomas & Haugabrook, Vincent D. Hyman*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.