## A95A0171. STATE PERSONNEL BOARD et al. v. ADAMS.
### (453 SE2d 821)

BLACKBURN, Judge.

Upon our grant of their discretionary appeal application, the State Personnel Board (SPB), the Board of Natural Resources of the State of Georgia (Board), and the Department of Natural Resources of the State of Georgia (DNR) (referred to collectively as the State), appeal the superior court's order directing the SPB to hear appellee Spence Adams' appeal of the Board's decision refusing to consider his request for waiver of mandatory retirement, pursuant to OCGA § 47-2-224.

Adams, formerly a law enforcement conservation ranger employed by DNR in a supervisory classification, was mandatorily retired at age 55 on January 31, 1993. Adams had earlier applied to the Board for waiver of mandatory retirement as authorized by OCGA § 47-2-224 (e). However, on January 8, 1993, the DNR Commissioner (Commissioner) wrote Adams to confirm that his application had been denied pursuant to department policy, based upon the advice of the Attorney General's office, requiring that all such requests be denied.

Thereafter, Adams petitioned the Board's administrative law judge (ALJ) for a hearing on the issue. On February 24, 1993, the Commissioner moved to dismiss on the ground that a Board-appointed ALJ lacked jurisdiction to review such a DNR policy or decision. By "Final Decision Order on Motion to Dismiss," filed March 19, 1993, the ALJ granted the Commissioner's motion to dismiss indicating that "review may be available in some other forum, *see, e.g.,* OCGA § 45-20-9 (a) (State Personnel Board review of adverse personnel actions), but it is not available in this forum." On April 8, 1993, Adams appealed to the SPB. From the denial of such appeal, Adams appealed to the superior court under the provisions of OCGA §§ 45-20-8 and 45-20-9.

The superior court's order, filed on July 27, 1993, reversed the

decision of the SPB and remanded with direction that it hear Adams' appeal "in accordance with this Order and the findings of law made herein." In this regard, the superior court concluded, inter alia, that the Board was required to consider Adams' application for waiver of mandatory retirement under OCGA § 47-2-224; that any policy directing that all such applications for waiver of mandatory retirement be denied was contrary to the plain meaning of such statute; that the failure to consider Adams' application for waiver of mandatory retirement adversely affected his employment status; and that "[w]hen a permanent status employee's employment status is adversely affected, an opportunity to file an appeal and request must be provided."

1. The State contends that the superior court erred by finding it had jurisdiction to hear Adams' appeal.

Final decisions or orders of the SPB may be appealed in the superior court of the county of the aggrieved employee's employment by filing a petition in the court within 30 days of the issuance of the decision or order. OCGA § 45-20-9 (h) and (i). There is no claim in the record before us that the superior court lacked jurisdiction over Adams' person. Adams timely filed his petition for appeal of an SPB determination that it lacked jurisdiction "over issues of retirement." We conclude that the SPB's determination in these circumstances was final in that it denied Adams an ability to obtain any hearing before the SPB.

Thus having jurisdiction to hear and decide the case, the superior court was authorized to render a final decision and issue an order thereon. In this regard OCGA § 45-20-9 (m) pertinently provides that "[t]he court may affirm the decision or order of the board or remand the case for further proceedings. The court may reverse the decision or order of the board if substantial rights of the petitioner have been prejudiced. . . ." Accordingly, this assignment of error is without merit.

2. The State next asserts that the trial court erred by finding as a matter of law that Adams' application for waiver of mandatory retirement age adversely affected his employment status. Citing OCGA §§ 45-20-9 (a) and 45-20-8, the State argues that the intent of the General Assembly was to limit its jurisdiction to adverse actions against employees in the nature of dismissal, demotion, and reduction in pay. In this regard, the State avers that its rules and regulations define an adverse personnel action as one taken by an appointing authority for disciplinary reasons alone. Further, the State contends that while the word "retirement" is not used in its disciplinary rules, it is used twice in its rule forbidding unlawful discrimination on the basis of race, creed, gender, national origin, and age — a rule which states that there shall be no appeal or hearing from a decision directing mandatory retirement at an age lower than 70 directed by

statute.

OCGA § 47-2-224 (e) pertinently provides that "[t]he Board of Natural Resources, in its discretion, *may waive the mandatory retirement ages specified in this Code section for conservation rangers in a supervisory classification upon application of such members . . . ,* provided that such waivers to members in a supervisory classification shall not be extended to such members who have reached 60 years of age." (Emphasis supplied.) Further, the right to make application for waiver of mandatory retirement is limited to "conservation ranger[s] in a supervisory classification whose supervisory duties are not all or predominately in the field of law enforcement." OCGA § 47-2-224 (f).

"When construing a statute this court must look to the plain meaning of words and if there is only one reasonable construction, the statute must be construed in that manner. [Cit.]" *Davis v. State*, 213 Ga. App. 212, 213 (2) (444 SE2d 142) (1994). That Adams was a conservation ranger in a supervisory classification having law enforcement responsibilities is uncontroverted in the record before us.

As a result, we conclude, as the superior court did, that Adams was among those authorized to make application for waiver of mandatory retirement. To the extent the plain meaning of OCGA § 47-2-224 provided Adams a right to apply for waiver of mandatory retirement, it imposed a duty on the Board to "consider" his application, whether favorably or unfavorably. We conclude that the Board's refusal to consider such application, forcing Adams' mandatory retirement without benefit of a right conferred by statute, adversely affected Adams' employment status within the meaning of OCGA § 45-20-8 (a). Accordingly, jurisdiction over the subject matter here lies in the SPB. See OCGA §§ 45-20-8 (a) and 45-20-9 (a).

3. In light of our disposition in Divisions 1 and 2, we do not reach the State's remaining claims of error. The case is hereby remanded to the SPB for further disposition not inconsistent herewith.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 1995 — ▮▮▮▮▮▮▮▮

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Alan Gantzhorn, Assistant Attorney General,* for appellants.

*Sutton & Associates, Berrien L. Sutton, George A. Bessonette,* for appellee.