## A11A1712. GEORGIA DEPARTMENT OF COMMUNITY HEALTH v. DILLARD.

(723 SE2d 23)

ANDREWS, Judge.

We granted the application of the Georgia Department of Community Health to determine whether the Tift County Superior Court erred when it held that the State Personnel Board exceeded its authority in adopting regulations authorizing an administrative law judge (ALJ) to resolve an appeal from the Board's termination of a classified state employee, Elizabeth Dillard, without holding an evidentiary hearing. We hold that the regulation at issue does not comport with the Georgia Merit System Act, OCGA § 45-20-1 et seq., in that it denied Dillard, who had been deemed "voluntarily separated" from employment, her statutory right to a hearing. We therefore affirm the decision of the superior court.

A superior court may reverse a decision of the State Personnel Board only

> if substantial rights of the petitioner have been prejudiced because the board's findings, inferences, conclusions, decisions, or orders are: (1) [i]n violation of constitutional or statutory provisions; (2) [i]n excess of the statutory authority of the board; (3) [m]ade upon unlawful procedure; (4) [c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (5) [a]rbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

OCGA § 45-20-9 (m).

The relevant facts are not in dispute. Dillard began working with the Department of Community Health in 1991. In October 2008, by which time she was a classified employee, Dillard went on a leave of absence without pay as a result of a carpal tunnel injury. She returned to work from April 20 through July 31, 2009. On September 2, Dillard requested additional leave in order to have surgery. The Board granted her request, and Dillard was paid workers' compensation benefits effective September 16, 2009. On October 13, a personnel officer with the Department sent a written reminder to Dillard that the Department had not yet received a physician's statement concerning her inability to work. Dillard then provided a physician's statement indicating that she could not return to work until November 17.

When Dillard did not return to work in November, the personnel officer called her to say that in order to maintain her status on unpaid leave, she must provide further documentation showing that

she was not yet able to work. When Dillard responded that she had a test scheduled for December 7, the officer agreed that Dillard could wait to submit documentation until after that date. As of December 29, however, the Department had not yet received any further documentation. When the officer called Dillard again, she indicated that her attorney had sent something to the Department. Because it had received no such information, the Department sent Dillard a certified letter on December 30 stating that "[f]ailure to submit required documentation by Monday, January 4, 2009 [sic] will result in a 'Presumptive Resignation.' " Although Dillard signed for delivery of the letter on December 31, neither she nor her attorney responded to it before January 12, 2010. On that date, the Department terminated Dillard as voluntarily separated under State Personnel Board Rule 478-1-.24 (10) (b).

On January 21, 2010, Dillard appealed her separation to the Board and requested a hearing. The ALJ assigned to the matter informed the parties that the appeal would be decided on the written record, that Dillard had 20 days to file submissions to that record, and that "[n]o evidentiary hearing [would] be conducted." After Dillard submitted written evidence, the ALJ found that the Department had been authorized to conclude that Dillard had resigned voluntarily. Dillard appealed to the superior court, which reversed on the ground that OCGA § 45-20-8 (b) guaranteed her an evidentiary hearing. The superior court also found that the appropriate remedy for Dillard's unlawful separation was the procedure of reinstatement "as though there had been no break in service" as outlined in Rule 478-1-.24 (9) (f) (4). This appeal followed.

1. The Department's only argument on appeal is that nothing in the relevant statutes or rules bars the Board from dispensing with an evidentiary hearing in cases arising from separations deemed "voluntary." We disagree.

OCGA § 45-20-8 provides in relevant part:

(a) *Classified employees* who have successfully completed a working test period *may be dismissed from employment* or otherwise adversely affected as to compensation or employment status *only if such action is taken in accordance with the rules and regulations of the State Personnel Board governing adverse actions and appeals for classified employees.*

(b) This article is not intended to create a property interest in the job, but rather to create only a procedure under which classified employees can be dismissed or otherwise adversely affected. *The procedure adopted for dismissing a classified employee from employment* or otherwise

adversely affecting his or her compensation or employment status *shall include, as a minimum, that the appointing authority must provide the classified employee with reasons for the action and an opportunity to file an appeal and request a hearing which may be held before either the board or an administrative law judge. . . .*

(Emphasis supplied.) OCGA § 45-20-8; see also Ga. L. 1982, p. 1245, § 1; *Clark v. State Personnel Bd.*, 252 Ga. 548, 550 (2) (314 SE2d 658) (1984) (classified employees "are entitled to such rights as the Merit System Act affords them at the time they assume a classified position"). OCGA § 45-20-9 (a) adds:

Any laws to the contrary notwithstanding, all hearings on dismissals, other adverse personnel actions, and other purported violations of the rules and regulations as applied to classified employees shall be instituted by filing a written appeal with the Office of State Administrative Hearings upon such ground and in such form and under such procedure as may be prescribed by rules and regulations of the office. . . .

Subsections (b), (c) and (d) of OCGA § 45-20-9 detail the authority of the Board and/or an ALJ "in connection with any hearing on a dismissal or other purported violation of the rules and regulations," including powers to issue subpoenas, to set the time and place of continued hearings, to dispose of motions to dismiss, and to impose contempt sanctions. Finally, Rule 478-1-.24 (8) sets out "hearing procedures" concerning appeals by classified employees as follows:

(a) General Provisions. *After an appeal has been properly filed* with the Executive Secretary to the Board, the appeal shall be forwarded to the Office of State Administrative Hearings for assignment to an administrative law judge.
1. *Notice of the Hearing. Within seven (7) days from the filing of an appeal in accordance with Rule 24.600, the administrative law judge or the Board shall designate an appropriate time and place to conduct the hearing* and shall so notify all parties in writing. . . .

(Emphasis supplied.)
"When construing a statute this court must look to the plain meaning of words and if there is only one reasonable construction, the statute must be construed in that manner." *Davis v. State*, 213

Ga. App. 212, 213 (2) (444 SE2d 142) (1994).

> The test of the validity of an administrative rule is twofold: whether it is authorized by statute and whether it is reasonable. In applying this test, we have explained that the interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight and deference. However, an administrative rule which exceeds the scope of or is inconsistent with the authority of the statute upon which it is predicated is invalid.

(Citations and punctuation omitted.) *Ga. Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health*, 309 Ga. App. 31, 34 (710 SE2d 183) (2011).

OCGA §§ 45-20-8 and 45-20-9 both contemplate that a classified employee filing an appeal from an adverse job action has a right to an evidentiary hearing upon "request." Likewise, the regulation promulgated to enforce these statutes provides that when a classified employee files an appeal, "the Board shall designate an appropriate time and place to conduct the hearing." Rule 478-1-.24 (8) (a) (1).

The Department points out that subsections (6) and (10) of the Rule dispense with the need for a hearing in cases involving voluntary separation, as follows:

> Any employee who is absent from duty for five (5) consecutive workdays or equivalent, without proper authorization thereof, within the discretion of the appointing authority, may be deemed to have resigned voluntarily from employment. . . .
>
> Any employee who fails to return to duty at the expiration of a leave of absence may, in the discretion of the appointing authority, be deemed to have resigned voluntarily from employment. . . .

Ga. Comp. R. & Regs. r. 478-1-.24 (10) (b), (c). The Department relies especially on subsection (6) (e) of the Rule, which provides:

> Appeals under the provisions of [the rule *not* concerning voluntary separations] shall be entitled to a hearing which shall be conducted by an administrative law judge unless the Board, in its discretion, elects to grant a hearing before the Board; provided, with the consent of all parties and approval by the administrative law judge, a hearing may be waived and the appeal considered on the written

record. *All other appeals shall be considered on the written record unless otherwise specified by the Board or the administrative law judge.*

(Emphasis supplied.) Subsection (6) (x) likewise provides that in cases involving voluntary separation, and "[u]nless the administrative law judge specifies otherwise, the appeal will be considered on the basis of the written record." Rule 478-1-.24 (6) (x).

In our view, the curtailed procedure laid out in subsections (6) (e) and (x) of the Rule cannot be reconciled with either the statutory scheme, which contemplates that the Board "must provide the classified employee with reasons for the action and an opportunity to file an appeal and request a hearing," OCGA § 45-20-8 (b), or the Rule's own more general procedures, which require that within seven days of the filing of an appeal, "the administrative law judge or the Board shall designate an appropriate time and place to conduct the hearing." As the Supreme Court of Georgia noted in a 1980 opinion concerning the predecessor to OCGA § 45-20-8, classified employees "have no right to an evidentiary hearing on their involuntary demotions or separations" *only* when those job actions are the result of a reduction-in-force plan. *Brown v. State Merit System &c.*, 245 Ga. 239, 243 (264 SE2d 186) (1980); see also OCGA § 45-20-8 (b) ("the right to appeal shall not apply when persons are dismissed or otherwise adversely affected as to compensation due to curtailment of funds or reduction in staff"); *Brown v. Ga. Dept. of Revenue*, 881 F2d 1018, 1020 (11th Cir. 1989) (classified employee cannot be denied "any hearing" concerning his voluntary separation); *State Personnel Bd. v. Adams*, 216 Ga. App. 341, 343 (2) (453 SE2d 821) (1995) (Board may not refuse to consider an employee's application for waiver of mandatory retirement when a statute authorized such an application).

On the basis of the plain language of the statutes as well as these authorities, we conclude that those portions of subsections (6) (e) and (x) of Rule 478-1-.24 which dispense with the need for an evidentiary hearing in cases involving the voluntary separation of a classified employee are contrary to law. It follows that the trial court did not err when it reversed the ALJ's determination of Dillard's appeal, which was made without the hearing required by OCGA §§ 45-20-8 and 45-20-9.

2. The Department has not asserted any error concerning the superior court's remedy of reinstatement as outlined in Rule 478-1-.24 (9) (f) (4). That remedy therefore stands as rendered.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 30, 2012.

*Samuel S. Olens, Attorney General, Annette M. Cowart, Bryan K. Webb, Assistant Attorneys General,* for appellant.
*Divine, Finney & Dorough, Kermit S. Dorough, Jr.,* for appellee.